■ In the Matter of the Claim of Louis Gulitz, Appellant, v International Business Machines Corporation et al., Respondents. Workers' Compensation Board, Respondent.— Levine, J. Appeal from a decision of the Workers' Compensation Board, filed July 24, 1986.

Claimant filed a request to reopen a 1963 claim for occupational loss of hearing based upon a 1980 amendment to Workers' Compensation Law § 49-bb (L 1980, ch 324). The Workers' Compensation Board awarded compensation based on a 1963 date of disablement, which mandated the liability of the Special Fund for Reopened Cases (Workers' Compensation Law § 25-a), but subsequently rescinded its decision and remanded the claim to a Workers' Compensation Law Judge (hereinafter WCLJ) for further development of the record. The WCLJ filed a decision on February 4, 1985 finding a compensable loss of hearing based upon a February 1, 1984 date of disablement, thus mandating respondent Liberty Mutual Insurance Company's (hereinafter the carrier) liability. The carrier filed an application for Board review. Claimant thereafter made a motion to dismiss that appeal contending that it had not been timely filed (citing 12 NYCRR 300.13) and that the carrier had failed to notify the Special Fund (citing 12 NYCRR 300.15 [b]). In the event of a dismissal of the appeal, claimant also sought the assessment of a 20% penalty against the carrier on the ground that the statutory stay on payment of the claim pending appeal to the Board (Workers' Compensa-

tion Law former § 25 [3] [c]) would be inapplicable to an untimely appeal. The Board did not specifically address claimant's contentions, but stated that it would entertain the carrier's appeal in the interest of justice and determined that a penalty was not warranted. This appeal by claimant ensued.

Regarding claimant's contention that the Board erred in failing to dismiss the carrier's application for Board review based upon the carrier's alleged violations of administrative rules pertaining to timeliness and notice, "[t]he [B]oard may in its discretion suspend or modify the application of" those rules (12 NYCRR 300.30), and we are not persuaded that the Board abused its discretion in doing so here. The record does not conclusively establish that the carrier's appeal to the Board was filed more than 30 days after *notice* to it of the filing of the WCLJ's decision *(see,* 12 NYCRR 300.13). At the latest, its appeal to the Board was filed 31 days after the *filing* of the WCLJ's decision on February 4, 1985. Furthermore, although the Special Fund was not notified at the time of the appeal, it was notified by July 1985, some 12 months prior to Board consideration of the carrier's appeal and, hence, it was not prejudiced.

Although there may be merit to claimant's contention that a 20% penalty should have been assessed against the carrier for failing to pay the claim, pending appeal to the Board, within 10 days after notice of the WCLJ's decision *(see,* Workers' Compensation Law former § 25 [3] [c]; *Matter of Nute v Bank of Commerce,* 30 AD2d 1011, 1012), claimant did not assert this ground in seeking the penalty before the Board and may not raise it for the first time on appeal *(see, Matter of Murtaugh v Bankers Trust Co.,* 111 AD2d 1064, 1066). Also, since the claim concededly was paid subsequent to the Board's decision, the record obviously is silent as to what sum actually was remitted to claimant and the issue whether the carrier was obligated to pay interest from the date of the WCLJ's decision is not properly before us, but should be directed to the Board.

Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.