OPINION OF THE COURT
Smith, J.
At issue in this appeal is whether the Workers’ Compensation Board (the Board) erred in reversing the decision of a Workers’ Compensation Law Judge (WCLJ) when the party seeking review of the decision failed to notify the parties in interest of the pendency of the application for review. We hold that, under these circumstances, the Board violated its own rules requiring notice to all parties in interest (12 NYCRR 300.13 [a]) and we reverse the order of the Appellate Division affirming the Board’s decision.
Claimant Brahim Vukel was injured while working as a laborer for respondent New York Water & Sewer Mains, Inc. (New York Water), the subcontractor on a construction project. Claimant applied for workers’ compensation benefits. Although New York Water had purchased workers’ compensation insurance from Public Service Mutual Insurance Company (PSMIC), PSMIC alleged that claimant’s injuries were not covered because it had canceled the contract prior to claimant’s injury for nonpayment of premiums. Under Workers’ Compensation Law § 56, if the subcontractor was uninsured, the general contractor, Neilsen Mechanical Corporation (Neilsen), would be liable for claimant’s workers’ compensation benefits. Accordingly, at claimant’s benefits hearing, Neilsen and its insurance carrier, State Insurance Fund (collectively, appellants), contested PSMIC’s policy cancellation.
The WCLJ determined that PSMIC failed to properly cancel the insurance policy and was therefore liable for claimant’s workers’ compensation benefits. PSMIC timely filed an application for review of the WCLJ’s decision and served claimant’s counsel, but failed to serve a copy of the application on appellants. The Workers’ Compensation Board, acting through a three-member panel, unanimously reversed the WCLJ’s decision, concluding that PSMIC had properly canceled the policy in strict compliance with Workers’ Compensation Law § 54 (5). The Board directed State Insurance Fund to commence payment of benefits to claimant. Appellants appealed, arguing that they were denied due process, that the Board violated its own rules requiring notice of applications to interested parties, and that the Board’s decision was arbitrary and capricious.
*497 The Appellate Division unanimously affirmed the Board’s decision, concluding that the notice requirement was not jurisdictional and that the Board had discretionary authority to suspend or modify application of its rules governing notice. The Court further rejected appellants’ due process argument, holding that they were not prejudiced by the lack of notice because the Board’s decision was based on a full review of the record, which encompassed and preserved the arguments appellants made at the hearing. We granted leave to appeal and now reverse the order of the Appellate Division.
Pursuant to regulations governing workers’ compensation, an application for Board review of a decision by a WCLJ “shall be filed with the board within 30 days after notice of filing of the decision of the Workers’ Compensation Law Judge together with proof of service upon all other parties in interest” (12 NYCRR 300.13 [a] [emphasis supplied]). Although the plain language of this rule speaks in mandatory terms, section 300.30 of the Rules and Regulations (12 NYCRR 300.30) provides that the “board may in its discretion suspend or modify the application of any of these rules.”
PSMIC concedes that appellants should have been served with a copy of its application for review. However, relying on Matter of Gulitz v International Bus. Machs. Corp. (130 AD2d 874), PSMIC argues that because the Board is authorized to suspend or modify application of its rules, its failure to serve appellants does not warrant reversal of the Board’s decision. We disagree and conclude that the Board was bound by, and failed to adhere to, its own rules requiring notice of proceedings to interested parties (see, Matter of Frick v Bahou, 56 NY2d 777, 778).
PSMIC’s reliance on Matter of Gulitz v International Bus. Machs. Corp. (130 AD2d 874, supra) is misplaced. In that case, a party in interest to a proceeding appealed a Board’s decision, alleging violations of administrative rules pertaining to timeliness and notice. In holding that the Board had discretion to suspend or modify the application of its rules (see, 12 NYCRR 300.30), the Court stated that, “although the * * * [party in interest] was not notified at the time of the appeal, it was notified * * * some 12 months prior to Board consideration of the carrier’s appeal and, hence, it was not prejudiced” (id., at 875).
Gulitz is therefore distinguishable in that the interested party there did receive notice, albeit late. Here, appellants received no notice, and the Board’s review of the record does *498 not cure the prejudice. Appellants should have been notified of PSMIC’s application (see, Matter of Sperduto v New York City Interborough Ry. Co., 226 NY 73 [order or judgment of the Board cannot be substantially changed without affording interested persons notice and an opportunity to be heard]; see also, Matter of Brophy v Prudential Ins. Co., 241 App Div 306, 310).
Moreover, assuming without deciding that the Board has the authority to suspend its own notice requirements when a party seeks Board review of a WCLJ’s decision, nothing in the record here indicates that the Board, in fact, exercised any discretion to suspend its requirements. The record does not evidence that the Board knew that PSMIC had violated the notice requirement or that appellants were aware of PSMIC’s pending application for review.
In view of our ruling, we need not and do not reach appellants’ remaining contentions.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division, Third Department, with directions to remand to the Workers’ Compensation Board for further proceedings in accordance with this opinion.
Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick, Wesley and Rosenblatt concur.
Order reversed, etc.