■ In the Matter of the Claim of MARK FAELLO, Appellant, v FEDERAL EXPRESS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [823 NYS2d 615]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed June 3, 2005, which ruled that claimant's application for review was not timely filed.

Claimant alleged that he sustained a work-related injury after he purportedly was assaulted by a security officer at his place of employment. Following a hearing on the disputed issues of accident, notice and causal relationship, a Workers' Compensation Law Judge found that the physical contact to which claimant attributed his injuries was not an assault and, hence, did not result in a compensable injury. Accordingly, claimant's application was disallowed. Claimant thereafter filed an application for review by the Workers' Compensation Board, which claimant served upon the self-insured employer's claims manager but not the employer itself. Finding that the employer was not served with the application for Board review, a Board panel denied claimant's application and closed the claim. This appeal by claimant ensued.

We affirm. Claimant does not dispute that he failed to serve the self-insured employer, arguing instead that service upon the employer's representative was sufficient. The relevant regulation makes clear, however, that the application for Board review must be served upon all parties in interest to the proceeding (*see* 12 NYCRR 300.13 [a]). As the self-insured employer plainly has a manifest interest in the underlying proceeding, the Board is bound by the service requirements of 12 NYCRR 300.13 (a) (*see Matter of Vukel v New York Water & Sewer Mains*, 94 NY2d 494, 497 [2000]). Accordingly, the Board panel's denial of claimant's application for review was entirely proper.

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.