■ In the Matter of the Claim of BARRY GREENOUGH, Appellant, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 459]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed December 23, 2005, as amended by decision filed May 19, 2006, which ruled that claimant failed to comply with 12 NYCRR 300.13 (a) and denied review of a decision by the Workers' Compensation Law Judge.

In February 2003, claimant's weekly wage was determined to be $1,836.78 for a compensable injury to his left knee. Subsequently, claimant was awarded, in a decision by a Workers' Compensation Law Judge dated February 18, 2004, a 15% sched-

ule loss of use of his left leg with reimbursement of $7,173.60 ordered to be paid to the employer. Claimant filed an application on February 23, 2004 for review before the Workers' Compensation Board, taking exception to the granting of reimbursement. The employer, along with its workers' compensation carrier (hereinafter collectively referred to as the employer), filed a rebuttal to the application for Board review on March 22, 2004, contending, among other things, that the application should be denied as it did not conform to 12 NYCRR 300.13. By decision filed December 23, 2005 and amended decision filed May 19, 2006, the Workers' Compensation Board denied review of the award of reimbursement based upon claimant's failure to comply with 12 NYCRR 300.13 (a). Claimant now appeals.

Pursuant to 12 NYCRR 300.13 (a), "an application to the board to review a decision of a Workers' Compensation Law Judge . . . shall be filed with the board within 30 days after notice of filing of the decision of the Workers' Compensation Law Judge together with proof of service upon all other parties in interest." However, the Board "may in its discretion suspend or modify the application of any of these rules" (12 NYCRR 300.30).

Here, claimant's application for review clearly failed to include proper proof of service to the parties of interest, as it failed to list the parties' names and addresses in the affirmation of service and the affirmation was submitted unsigned. Although, as relied on by the Board in its decision, the discretion to suspend its own rules does not apply to situations where a party of interest does not receive notice (*see Matter of Vukel v New York Water & Sewer Mains*, 94 NY2d 494, 497-498 [2000]), here, no party is claiming lack of notice, only violations of administrative rules pertaining to proof of service. As the employer filed its rebuttal to claimant's application within the required time limit, it was not prejudiced by claimant's failure to include proper proof of service or sign the affirmation included in the application. Therefore, the Board does have the discretionary power to review the application, despite claimant's violation of 12 NYCRR 300.13 (a) (*see Matter of Gulitz v International Bus. Machs. Corp.*, 130 AD2d 874, 875 [1987]). Accordingly, the matter is remitted to the Board for consideration of whether it should exercise its discretionary power and review claimant's application.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.