■ In the Matter of the Claim of SAM NOURY, Deceased, Respondent, v AIRWAY SERVICE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [847 NYS2d 275]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed September 27, 2006, which ruled that the workers' compensation carrier failed to comply with 12 NYCRR 300.13 (a) and denied review of a decision by the Workers' Compensation Law Judge.

Claimant sustained a causally related injury to his right hand in 1979. In 2000, the employer's workers' compensation carrier requested that the case be reopened in order to determine if it was entitled to an offset, pursuant to Workers' Compensation Law § 15 (3) (v), for Social Security disability payments that claimant allegedly was receiving. The case was reopened and claimant was ordered to produce his Social Security records for all payments that he had received, and the carrier was ordered to produce an itemized statement of overpayment. In 2004, while noting the failure of either party to comply with the order to produce documentation, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, allowed the carrier to suspend claimant's compensation payments. This decision was affirmed by the Workers' Compensation Board. Claimant died in July 2005 and the administrator of his estate appeared and was placed on notice in September 2005. After claimant's Social Security records were produced, a WCLJ, in a decision filed April 27, 2006, found that claimant was entitled to reduced earnings payments for the period of September 1986 until claimant's death in July 2005. The carrier filed an application for review with the Board on May 24, 2006, but inadvertently served notice on a nonparty and failed to notify the administrator of claimant's estate of the application until July 3, 2006. Thereafter, the Board declined to review the carrier's application pursuant to 12 NYCRR 300.13 (a), based upon the carrier's failure to notify the administrator of claimant's estate of the application within 30 days of the WCLJ's decision. The carrier now appeals.

We affirm. The Board has broad discretion to deny review of an application if the application is not filed with the Board or served on a party in interest within 30 days of the filing of the WCLJ's decision (see 12 NYCRR 300.13 [a], [e] [1] [i]; Matter of Toner v Michael Hanley Moving & Stor., 40 AD3d 1199, 1200 [2007], lv denied 9 NY3d 808 [2007]). Here, the carrier admittedly failed to notify the administrator of claimant's estate within the 30-day statutory period. As the carrier has not provided any legitimate reason for its failure to timely serve a party in interest, we do not find that the Board abused its discretion in denying review of the carrier's appeal (see Matter of

*Toner v Michael Hanley Moving & Stor.*, 40 AD3d at 1200; *Matter of Priola v Andrews Staffing*, 305 AD2d 900, 901-902 [2003]; *Matter of Venezia v Vigliarolo*, 191 AD2d 797, 798 [1993]).

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.