■ In the Matter of the Claim of TIMOTHY BOWERSOX, Appellant, v PRIME TIME EXPRESS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [879 NYS2d 611]—

McCarthy, J. Appeals (1) from a decision and an amended de-

cision of the Workers' Compensation Board, filed March 29, 2006 and May 12, 2006, which, among other things, ruled that claimant's application for review failed to include proper proof of service, and (2) from a decision of said Board, filed November 8, 2006, which denied claimant's request for full Board review.

Claimant sustained a work-related injury to his neck and back in May 2004 and was then involved in a non-work-related automobile accident in July 2004. In October 2005, following a hearing, a Workers' Compensation Law Judge awarded benefits for a temporary total disability for the period May 9, 2004 through July 23, 2004 but declined to award benefits for any period thereafter. By letter dated November 22, 2005, claimant's attorney advised the Workers' Compensation Board of claimant's desire to appeal this decision. By letter dated December 1, 2005, the Board advised claimant that the application for review failed to comply with 12 NYCRR 300.13 and that the application may be denied if claimant failed to submit the prescribed cover sheet indicating proper service to all parties within 30 days. Although claimant provided a cover sheet to the Board on December 19, 2005, he failed to indicate proper proof of service upon all interested parties.

Pursuant to a March 29, 2006 decision, as amended on May 12, 2006, the Board denied claimant's request to review on the ground that he failed to include proof of service to all interested parties as directed to do by the Board in its previous correspondence and as required by 12 NYCRR 300.13 (a). Claimant thereafter sought full Board review, which was denied by a decision filed on November 8, 2006. These appeals, now consolidated, ensued.

The record demonstrates that claimant failed to notify all parties in interest of the pendency of his application for review, despite explicit instructions by the Board that he do so and the mandates of 12 NYCRR 300.13 (a). In the absence of any explanation for the failure to timely serve all parties in interest, we are unable to conclude that the Board abused its discretion in denying review of claimant's application (*see Matter of Vukel v New York Water & Sewer Mains*, 94 NY2d 494, 497 [2000]; *Matter of Noury v Airway Serv.*, 46 AD3d 1014, 1015-1016 [2007]; *Matter of Toner v Michael Hanley Moving & Stor.*, 40 AD3d 1199, 1200 [2007], *lv denied* 9 NY3d 808 [2007]; *Matter of Priola v Andrews Staffing*, 305 AD2d 900, 901 [2003]; *Matter of Venezia v Vigliarolo*, 191 AD2d 797, 798 [1993]). Nor are we persuaded that the Board abused its discretion or acted in an arbitrary or capricious manner in denying claimant's subsequent application for full Board review (*see Matter of Hyland v Matar-*

*ese,* 56 AD3d 841, 844 [2008]; *Matter of Forbes v American Airlines,* 13 AD3d 1001, 1002 [2004]).

Mercure, J.P., Spain, Kavanagh and Stein, JJ., concur. Ordered that the decisions and amended decision are affirmed, without costs.