Peters, P.J.
Appeals (1) from a decision of the Workers’ Compensation Board, filed November 1, 2011, which, among *1256 other things, ruled that decedent’s back surgery was causally related to the compensable accident, and (2) from a decision of said Board, filed March 30, 2012, which denied a request by the employer and its third-party administrator for reconsideration and/or full Board review.
Kathryn Krietsch (hereinafter decedent) suffered from severe scoliosis and, since childhood, had fixation rods surgically installed to stabilize her spine.[1] In 2008, she fell down a flight of stairs while working and suffered back injuries. The fixation rods appeared to be intact in X rays taken immediately after the accident; however, subsequent X rays taken eight months later showed that one of the rods had broken. Decedent thereafter requested authorization from the Workers’ Compensation Board for surgery to remove the broken rod and take other steps to restore spinal stability. A Workers’ Compensation Law Judge found the surgery to be unrelated to the work accident but, upon review, the Workers’ Compensation Board disagreed. The self-insured employer and its third-party administrator appeal from that decision, as well as the Board’s subsequent rejection of the employer’s application for reconsideration and/or full Board review.[2]
The employer and its third-party administrator initially argue that the Board erred in considering claimant’s application for Board review of the decision of the Workers’ Compensation Law Judge because claimant failed to timely serve the employer with it (see 12 NYCRR 300.13 [a]; 300.15 [b]). The employer’s attorney and its third-party administrator were provided timely notice of the application, however, and the employer submitted opposition to it. Shortly thereafter, the employer was directly served by claimant (compare Matter of Vukel v New York Water & Sewer Mains, 94 NY2d 494, 497-498 [2000]). Given these circumstances, we cannot say that the Board abused its discretion in overlooking the irregularities in service and considering claimant’s application for review (see 12 NYCRR 300.30; Matter of Gulitz v International Bus. Machs. Corp., 130 AD2d 874, 875 [1987]).
Turning to the merits, “[w]e will uphold the Board’s determi *1257 nation of causal relationship if it is supported by substantial evidence” (Matter of Mallette v Flattery’s, 111 AD3d 989, 990 [2013]). Here, the orthopedic surgeon who performed the requested back operation opined that decedent’s work accident caused a loss of stability in her spine that required surgery to correct. The surgeon further testified that the loss of spinal stability occasioned by the work accident led to spinal movement that would have eventually damaged the fixation rods, even if they did not break during the accident itself. The Board credited the surgeon’s testimony which, despite medical evidence to the contrary, provided substantial evidence for finding a causal link between the work accident and subsequent back surgery (see Matter of Prescott v Town of Lake Luzerne, 79 AD3d 1216, 1218-1219 [2010]). Inasmuch as “credibility determinations and the resolution of conflicting evidence are within the exclusive province of the Board,” we may not accept the employer’s invitation to independently assess the medical evidence before the Board (Matter of Ward v General Utils., 100 AD3d 1113, 1113 [2012]; see Workers’ Compensation Law § 20 [1]).
The remaining contention of the employer and its third-party administrator has been considered and found to be without merit.
Stein, Rose and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.

. Decedent passed away during the pendency of the present workers’ compensation claim. A Workers’ Compensation Law Judge noted her death and found that claimant, her surviving spouse, was the sole party in interest.

. The employer and its third-party administrator advance no arguments in their brief regarding the Board’s denial of reconsideration and/or full Board review and, accordingly, we deem their appeal from that decision to be abandoned (see Matter of Mangroo v Paramount Brands, 101 AD3d 1299, 1299-1300 [2012]).