*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    520904
_____

In the Matter of the Claim of
    RODNEY LEVINE,
                        Appellant,

        v

HEALTH FIRST (HF MANAGEMENT              MEMORANDUM AND ORDER
    SERVICES LLC) et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  May 24, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Clark and Mulvey, JJ.

_____

        The Klein Law Group, PC, New York City (Arnold E. DiJoseph III of counsel), for appellant.

        Fischer Brothers, New York City (Martin Krutzel of counsel), for Health First (HF Management Services LLC) and another, respondents.

_____

Mulvey, J.

        Appeals (1) from a decision of the Workers' Compensation Board, filed June 11, 2014, which, among other things, ruled that claimant's' application for review failed to comply with 12 NYCRR 300.13 (a) and denied review of a decision by the Workers' Compensation Law Judge, and (2) from a decision of said Board, filed October 14, 2014, which denied claimant's request for reconsideration and/or full Board review.

Claimant reportedly sustained a work-related injury in 2011 for which he submitted a claim for workers' compensation benefits, which the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that claimant had not provided timely notice of the claim to the employer as required by Workers' Compensation Law § 18 and had failed to meet his burden of demonstrating that the employer was not prejudiced. Claimant filed an application for review with the Workers' Compensation Board, and the employer filed a rebuttal asserting that claimant's application for review did not comply with the service requirements of 12 NYCRR 300.13 (e) (1) (i) and was not timely served on the carrier. In a decision filed June 11, 2014, the Board concluded that claimant's application for review was defective and did not comply with the requirements of 12 NYCRR 300.13 (a) for several reasons, including that it contained an unsigned affirmation. The Board also relied upon the fact that while the application for review of the WCLJ decision filed on June 27, 2013 indicated that service on the parties was accomplished by mail, it did not specify a date of mailing and that the employer, in its rebuttal, had submitted proof that the application was served on the carrier on July 30, 2013, more than the allowed 30 days after the decision was filed. Thus, the Board concluded that the evidence did not establish that claimant timely served the employer as required by 12 NYCRR 300.13 (a), and it exercised its discretion to deny review of the WCLJ decision.

Claimant subsequently applied for reconsideration and/or full Board review requesting that the Board accept its application for review and address the WCLJ decision on the merits, but did not argue that the Board's factual findings were in any respect incorrect regarding the content of claimant's application for review. Claimant, however, submitted with that application for reconsideration and/or full Board review a copy of an application for review also dated July 7, 2013, which was signed but again did not contain a date that the employer was served by mail. The employer submitted a rebuttal contending, among other things, that the Board had properly rejected claimant's application for review as untimely served on the

employer and because the affirmation of service was unsigned and the affidavit of service was incomplete. The Board denied claimant's request for reconsideration and/or full Board review, finding that its June 11, 2014 decision contained no errors of law or fact. Claimant now appeals from both decisions.

Upon review of the record on appeal, we conclude that the matter must be remitted to the Board to certify the record on appeal pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 800.18 (d). The employer raises the very serious allegation that the copy of claimant's application for review contained in the "joint record on appeal" prepared by claimant is not the same document that claimant submitted to and filed with the Board, in that the document in the record is signed; the employer attaches to its brief what it represents is the actual unsigned document that claimant filed with the Board. This allegation contains support in the Board's findings in its June 11, 2014 decision, and claimant did not submit a reply brief addressing this allegation. The employer did not stipulate to the record on appeal and it was not certified by the Board (see Rules of App Div, 3d Dept [22 NYCRR] § 800.18 [d]; CPLR 5532). On that point, claimant's attorney submitted an affirmation in compliance pursuant to CPLR 2105 (see Rules of App Div, 3d Dept [22 NYCRR] § 800.18 [d]), attesting that it had sent three proposed record lists as well as the arguments it intended to raise on appeal (see Rules of App Div, 3d Dept [22 NYCRR] § 800.18 [b]), to which claimant asserts the employer did not respond. However, the record is not clear that the proposed record lists were timely served on the employer or that claimant sent the required request to stipulate (see Rules of App Div, 3d Dept [22 NYCRR] § 800.18 [b] [2], [3]).

Accordingly, we cannot resolve the employer's representation that claimant in his joint record on appeal substituted a signed application for review for an unsigned application for review filed with the Board, or determine whether the joint record on appeal was properly filed with this Court pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 800.18. Consequently, we must remit the matter to the Board to determine whether to certify that the joint record on appeal filed with this Court is "true and correct" — and,

specifically, to resolve whether the application for Board review contained in the joint record on appeal at pages 21-22 was filed with the Board and is properly part of the record; if not, the Board is directed to make findings and to correct the record on appeal prior to certifying same (Rules of App Div, 3d Dept [22 NYCRR] § 800.18 [d]).

Lahtinen, J.P., McCarthy, Garry and Clark, JJ., concur.

ORDERED that the decisions are withheld, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court