*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                522176
_____

In the Matter of the Claim of
    KEVIN HARRELL,
                        Appellant,

        v

BLUE DIAMOND SHEET METAL et al.,          MEMORANDUM AND ORDER
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  December 13, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Law Office of Joseph A. Romano, New York City (Joseph A. Romano of counsel), for appellant.

        Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Blue Diamond Sheet Metal and another, respondents.

        Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian Anson of counsel), for Cool Sheetmetal, Inc. and another, respondents.

_____

McCarthy, J.P.

        Appeal from a decision of the Workers' Compensation Board, filed September 30, 2014, which ruled, among other things, that claimant's application for review failed to include proper proof of service.

In July 2010, claimant, a journeyman mechanic, filed a workers' compensation claim alleging that he developed an occupational disease to his neck, back, both shoulders and elbows as a result of repetitive work.  The claim was controverted, and, following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found, in a May 2012 decision, that prima facie evidence of an occupational disease existed for both shoulders and elbows due to repetitive stress.  The WCLJ also found that, inasmuch as claimant conceded treatment for his neck, back and arms in 2007, but filed his claim more than two years later in 2010, his claim for those injuries was barred by Workers' Compensation Law § 28.  Upon administrative review, the Workers' Compensation Board found that, although claimant failed to serve all required parties with his application for review, it would exercise its discretion to entertain claimant's defective application.  As to the merits of that application, the Board found that claimant's date of disablement was April 22, 2010 and, therefore, concluded that his July 2010 occupational disease claim was timely.  Employer Cool Sheetmetal, Inc. and its workers' compensation carrier, Oryx Insurance Brokerage, Inc., filed an application for discretionary full Board review, to which claimant filed a timely rebuttal.  In response, the full Board rescinded the Board panel's previous decision and returned the matter to the Board panel for further consideration.  Thereafter, in a September 2014 decision, the Board upheld the May 2012 decision of the WCLJ, finding that claimant's application for Board review was defective due to his failure to serve all parties of interest.  Claimant now appeals from the September 2014 decision of the Board.[1]

Pursuant to the regulations in effect at the time of the underlying proceedings, 12 NYCRR former 300.13 (a) provided that "[a]n application to the [B]oard to review a decision of a [WCLJ] . . . shall be filed with the [B]oard within 30 days after notice of filing of the decision of the [WCLJ] together with proof of service upon all other parties in interest (see Matter of Vukel v New York Water & Sewer Mains, 94 NY2d 494, 497 [2000]; Matter of

_____

[1]  Inasmuch as claimant appeals only from the September 2014 decision of the Board, our review is limited to that decision.

Greenough v Niagara Mohawk Power Corp., 45 AD3d 1116, 1117 [2007]).[2]  Although the Board "may in its discretion suspend or modify the application of these rules" (12 NYCRR 300.30), "the discretion to suspend its own rules does not apply to situations where a party of interest does not receive notice" (Matter of Greenough v Niagara Mohawk Power Corp., 45 AD3d at 1117; see Matter of Vukel v New York Water & Sewer Mains, 94 NY2d at 497-498).  Here, the record evidence demonstrates that claimant's application for Board review was defective inasmuch as only one of his prior employers and the State Insurance Fund were served, notwithstanding the fact that, as claimant contends, the prior employer served its rebuttal on the parties in interest, thereby affording those parties with notice of the administrative appeal. Accordingly, the Board's denial of claimant's application for review was not an abuse of its discretion, and we decline to disturb that determination (see Matter of Bowersox v Prime Time Express, Inc., 62 AD3d 1099, 1100 [2009]; Matter of Greenough v Niagara Mohawk Power Corp., 45 AD3d at 1117; Matter of Faello v Federal Express, 34 AD3d 942, 943 [2006]; compare Matter of Krietsch v Northport-East Northport UFSD, 116 AD3d 1255, 1256 [2014]).  The balance of claimant's remaining contentions are either not properly before us or unnecessary to address in light of our determination herein.

Egan Jr., Lynch, Clark and Aarons, JJ., concur.

_____

[2]  Effective October 3, 2016, 12 NYCRR 300.13 was repealed and replaced with a new version (NY Reg, Aug. 3, 2016, at 18-19). Consistent with the previous version of the regulation, the current version states that an application for administrative review "shall include proof of service upon all necessary parties of interest in the format prescribed by the Chair" and that "[f]ailure to serve a necessary party shall be deemed defective service and the application may be rejected by the Board" (12 NYCRR 300.13 [b] [2] [iv]; see 12 NYCRR 300.13 [a] [4]).

-4-                        522176

ORDERED that the decision is affirmed, without costs.



                    ENTER:

                    *Robert D Mayberger*

                    Robert D. Mayberger
                    Clerk of the Court