*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 16, 2017                    520904
_____

In the Matter of the Claim of
    RODNEY LEVINE,
                        Appellant,

        v

HEALTH FIRST (HF MANAGEMENT                MEMORANDUM AND ORDER
    SERVICES LLC) et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   May 24, 2016

Before:   McCarthy, J.P., Garry, Clark and Mulvey, JJ.

_____

        The Klein Law Group, PC, New York City (Arnold E. DiJoseph III of counsel), for appellant.

        Fischer Brothers, New York City (Martin Krutzel of counsel), for Health First (HF Management Services LLC) and another, respondents.

_____

Mulvey, J.

        Appeals (1) from a decision of the Workers' Compensation Board, filed June 11, 2014, which, among other things, ruled that claimant's application for review failed to comply with 12 NYCRR former 300.13 (a) and denied review of a decision by the Workers' Compensation Law Judge, and (2) from a decision of said Board, filed October 14, 2014, which denied claimant's request for reconsideration and/or full Board review.

Claimant reportedly sustained a work-related injury in 2011 and submitted a claim for workers' compensation benefits, which was controverted by the employer and its workers' compensation carrier. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that claimant had not provided timely notice of the injury to the employer (see Workers' Compensation Law § 18). Claimant filed an application for review with the Workers' Compensation Board, and the employer and carrier filed a rebuttal asserting that claimant's application for review did not comply with the service requirements of 12 NYCRR former 300.13 (a). In a decision filed June 11, 2014, the Board concluded that claimant's application for review was defective in that, among other deficiencies, it did not comply with the requirements of 12 NYCRR former 300.13 (a) as it contained an unsigned affirmation. The Board also concluded that claimant did not timely serve the employer as required by 12 NYCRR former 300.13 (a) and exercised its discretion to deny review of the WCLJ's decision.

Claimant subsequently applied for reconsideration and/or full Board review requesting that the Board accept its application for review and address the WCLJ's decision on the merits. The Board denied claimant's request for reconsideration and/or full Board review and claimant now appeals from both decisions.

Previously, due to serious concerns raised with regard to the accuracy of the "joint record on appeal" filed by claimant, we withheld decision and remitted the matter to the Board to certify said record on appeal pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 800.18 (d) (140 AD3d 1417 [2016]). Upon remittal, the Board issued a decision which, as directed, made findings and certified the record. The Board's decision, made after a review of its files, clarifies that claimant's application for Board review received by the Board on July 26, 2013 was "unsigned" and that this document should be (but was not) contained in the "joint record on appeal." The Board further concluded that the signed application for Board review contained on pages 21 and 22 of the "joint record on appeal" was received by the Board on August 23, 2013 and, therefore, among other infirmities, was not timely received

within 30 days of the filing of the WCLJ's decision (on June 27, 2013); as such, the Board's decision indicates that it did not consider the signed application when it rendered the June 11, 2014 decision on appeal, and that the signed application should not properly be a part of the "joint record on appeal." As the Board has now certified the record on appeal, this Court will not consider the document contained on pages 21 and 22 of the "joint record on appeal" as it is not properly a part of the record before us.[1]

Turning to the Board's June 11, 2014 decision denying review of the WCLJ's decision, pursuant to the regulation in effect at the time, "[a]n application to the [B]oard to review a decision of a [WCLJ] . . . shall be filed with the [B]oard within 30 days after notice of filing of the decision of the [WCLJ] together with proof of service upon all other parties in interest" (12 NYCRR former 300.13 [a]; see Matter of Vukel v New York Water & Sewer Mains, 94 NY2d 494, 497 [2000]; Matter of Harrell v Blue Diamond Sheet Metal, ___ AD3d ___, ___, 2017 NY Slip Op 00356, *1 [2017]; Matter of Greenough v Niagara Mohawk Power Corp., 45 AD3d 1116, 1117 [2007]). Here, while the Board timely received the application for review, the affirmation of filing and service was defective in that it was not signed. Further, the affirmation contains the printed name of the licensed representative who prepared the application, who is not an attorney, and, therefore, could not affirm that he was "an attorney duly admitted to the practice of law" in New York, as the affirmation provides. In addition, the unsigned affidavit of service indicates that claimant and the carrier were served by mail, but it does not specify a date for the mailing and does not indicate whether the employer was served. The employer in its rebuttal indicated that the application was postmarked on July 30, 2013, beyond the 30-day period allowed after the filing of the WCLJ's decision (see 12 NYCRR former 300.13 [a], [e] [1] [i]). In view of claimant's failure to comply with the service requirements of 12 NYCRR former 300.13 (a), we perceive no abuse

_____

[1] Pursuant to the Board decision on remittal, the record now includes a copy of the unsigned application received by the Board on July 26, 2013.

of discretion in the Board's discretionary denial of review of the WCLJ's decision (see 12 NYCRR former 300.13 [e] [1] [i]; Matter of Greenough v Niagara Mohawk Power Corp., 45 AD3d at 1117).

With regard to the Board's decision denying reconsideration and/or full Board review, "claimant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [2016] [internal quotation marks and citation omitted]).  Notably, "our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Alamin v Down Town Taxi, Inc., 141 AD3d 975, 976 [2016] [internal quotation marks and citation omitted], appeal dismissed ___ NY3d ___ [Feb. 9, 2017]).  As claimant failed to make the requisite showing, we discern no basis upon which to conclude that the Board abused its discretion or acted arbitrarily in denying claimant's application for reconsideration and/or full Board review (see id.).

McCarthy, J.P., Garry and Clark, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court