Matter of Pacheco v Fedcap (2020 NY Slip Op 01872)





Matter of Pacheco v Fedcap


2020 NY Slip Op 01872


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

528887

[*1]In the Matter of the Claim of Milton Pacheco, Appellant,
v
Fedcap et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 13, 2020

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


John F. Clennan, Ronkonkoma, for appellant.
James E. Johnson, Corporation Counsel, New York City (John Schemitsch of counsel), for Fedcap, respondent.
Tanisha S. Edwards, State Insurance Fund, New York City (Rudolph Rosa Di Sant of counsel), for State Insurance Fund, respondent.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed September 27, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant established a workers' compensation claim for work-related injuries to his neck, back, nose, chest, ribs, jaw and both shoulders and for a brain contusion. Ultimately, a Workers' Compensation Judge (hereinafter WCLJ) issued a reserved decision finding that claimant had reached maximum medical improvement, had a permanent medical impairment of a class 2-a severity A rating to his neck and back and was capable of heavy work, and directing that he produce evidence of labor market attachment. Counsel for claimant submitted an application (RB-89 form) for review of the WCLJ's decision by the Workers' Compensation Board on June 22, 2018. The Board denied the application, finding that it did not comply with 12 NYCRR 300.13 (b) (1) because it was filed on an outdated RB-89 form. Claimant appeals.
We affirm. "[A]n application to the [B]oard for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the [C]hair [of the Board]" (12 NYCRR 300.13 [b] [1]). As is relevant here, "[t]he Chair of the Board has designated forms RB-89, Application for Board Review, and RB-89.1, Rebuttal of Application for Board Review, as the prescribed format for applications and rebuttals" (Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]; see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019]). Where a party, other than an unrepresented claimant, seeks Board review of a WCLJ decision, the Board may deny that application if it does not comply with the prescribed formatting, completion and service submission requirements (see Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1012 [2019], lv denied 34 NY3d 906 [2019]; Matter of Waufle v Chittenden, 167 AD3d at 1136). Subject No. 046-1024, issued by the Chair of the Board on May 3, 2018, notified parties seeking Board review that the RB-89 forms had been updated and explicitly advised that no prior version of the RB-89 forms would be accepted after June 1, 2018.
The record reflects, and the parties do not dispute, that claimant's counsel filed an outdated RB-89 form seeking Board review on June 22, 2018 — three weeks after the deadline for using the updated RB-89 form went into effect. As the application was clearly defective, the Board acted within its discretion in denying claimant's application and, therefore, the Board's decision will not be disturbed (see Matter of Waufle v Chittenden, 167 AD3d at 1136-1137; compare Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1575 [2018]). We find claimant's remaining contentions to be unpersuasive.
Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.