Matter of Connors v Yonkers Contr. Co. (2020 NY Slip Op 07648)





Matter of Connors v Yonkers Contr. Co.


2020 NY Slip Op 07648


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

530705

[*1]In the Matter of the Claim of William Connors, Claimant,
v
Yonkers Contracting Company et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: November 17, 2020

Before: Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed May 31, 2019, which ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
In 2006, claimant suffered work-related injuries to his back, both hips and groin and his claim for workers' compensation benefits was established. In 2017, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) requested that the Workers' Compensation Law Judge (hereinafter WCLJ) direct that claimant be weaned from opioid medications pursuant to the Workers' Compensation Board's Non-Acute Pain Medical Treatment Guidelines (see 12 NYCRR 324.2 [a] [6]). The WCLJ denied the request and the carrier submitted an application (RB-89 form) for review of the WCLJ's decision by the Board on March 11, 2019. The Board denied the application, finding that it did not comply with 12 NYCRR 300.13 (b) (1) because it was filed on an outdated RB-89 form. The carrier appeals.
We affirm. "[A]n application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [of the Board]" (12 NYCRR 300.13 [b] [1]). Further, "[t]he Chair of the Board has designated forms RB-89, Application for Board Review, and RB-89.1, Rebuttal of Application for Board Review, as the prescribed format for applications and rebuttals" (Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]; seeMatter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019]). "Where a party, other than an unrepresented claimant, seeks Board review of a WCLJ decision, the Board may deny that application if it does not comply with the prescribed formatting, completion and service submission requirements" (Matter of Pacheco v Fedcap, 181 AD3d 1119, 1120 [2020] [citation omitted]; seeMatter of Jones v Human Resources Admin., 174 AD3d 1010, 1012 [2019], lv denied 34 NY3d 906 [2019]). On November 23, 2018, the Chair of the Board issued Subject No. 046-1119, notifying parties seeking Board review that the RB-89 forms had been revised and explicitly advising them that no prior version of the RB-89 forms would be accepted after February 1, 2019.
It is undisputed that the carrier filed an outdated RB-89 form on March 11, 2019 — over five weeks after the deadline for using the outdated form had passed. Inasmuch as the application was clearly defective for failing to comply with the prescribed formatting, the Board did not abuse its discretion by denying the carrier's application, and its decision will not be disturbed (see Matter of Pacheco v Fedcap, 181 AD3d at 1120; Matter of Miller v Mo Maier Ltd., 178 AD3d 1250, 1251 [2019]; Matter of Waufle v Chittenden, 167 AD3d at 1136-1137 [2018]; compare Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1575 [2018]).
Egan Jr., J.P., Pritzker and Colangelo, JJ., concur.
ORDERED [*2]that the decision is affirmed, without costs.