Matter of Szewczuk v ETS Contr., Inc. (2021 NY Slip Op 06409)





Matter of Szewczuk v ETS Contr., Inc.


2021 NY Slip Op 06409


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

532172
[*1]In the Matter of the Claim of Teodor Szewczuk, Appellant,
v
ETS Contracting, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Geoffrey Schotter, New York City, for appellant.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed May 11, 2020, which ruled that claimant's application for review failed to comply with the service requirements of 12 NYCRR 300.13 (b) (3) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant, an asbestos worker, stopped working in 2003. After a physician opined in 2019 that claimant's longstanding hearing loss was causally related to noise exposure at work, claimant sought workers' compensation benefits. A Workers' Compensation Law Judge disallowed the claim as untimely, finding that the date of disablement was October 14, 2003 and that claimant should have known by that point that his already apparent hearing loss was related to his work (see Workers' Compensation Law §§ 28, 49-bb; Matter of Walczak v Asplundh Tree Expert Co., 188 AD3d 1524, 1524-1525 [2020]). Claimant thereafter applied for administrative review. The Workers' Compensation Board exercised its discretionary authority to deny the application, noting that claimant's application did not "include proof of service upon all necessary parties of interest" as required and that most of the unserved parties had not shown their awareness of the application by filing rebuttals to it (12 NYCRR 300.13 [b] [2] [iv]; see 12 NYCRR 300.13 [b] [4] [iv]). Claimant appeals.
We affirm. "Where a party, other than an unrepresented claimant, seeks Board review of a [Workers' Compensation Law Judge] decision, the Board may deny that application if it does not comply with the prescribed formatting, completion and service submission requirements" (Matter of Pacheco v Fedcap, 181 AD3d 1119, 1120 [2020] [citations omitted]; accord Matter of Sanchez v US Concrete, 194 AD3d 1287, 1289-1290 [2021]). The Board's regulations require that an application for administrative review include proof of service upon necessary parties of interest and, moreover, that the failure to provide proof of service "upon a necessary party in interest other than a party who is not adverse to the appellant" may result in denial of review where the necessary party either raises the issue of defective service in its rebuttal or fails to file a rebuttal (12 NYCRR 300.13 [b] [4] [iv]; see 12 NYCRR 300.13 [b] [2] [iv] [e]; Matter of Vukel v New York Water & Sewer Mains, 94 NY2d 494, 497 [2000]; Matter of Morgan v DR2 & Co. LLC, 189 AD3d 1828, 1830 [2020]; Matter of Muller v Square Deal Machining, Inc., 183 AD3d 992, 993-994 [2020], appeal dismissed 35 NY3d 1100 [2020], lv denied 36 NY3d 909 [2021]).
Claimant's application for review provided proof of service upon his last employer and one of its workers' compensation insurance carriers, which submitted a rebuttal denying that the coverage it had provided was in effect on the date of disablement. Proof of service was not provided for several other "private insurance carriers" who fell within the definition of necessary parties of interest, however, and all but one of those entities failed [*2]to file a rebuttal (12 NYCRR 300.13 [a] [4]).[FN1] Claimant argues that the Board improperly found that those entities were "adverse to" him, but at least one of them, American Safety Casualty Insurance, did have adverse interests given the indications that it was the carrier for his last employer on the date of disablement and was potentially responsible for any award should he succeed upon administrative review (12 NYCRR 300.13 [b] [4] [iv]; see e.g. Matter of Hutchinson v Lansing Conduit Corp., 68 AD3d 1362, 1362 [2009]). Thus, as claimant failed to provide proof of service upon American Safety, which then failed to file a rebuttal to his application for review, the Board properly exercised its discretion in denying the application (see 12 NYCRR 300.13 [a] [4]; [b] [4] [iv] [b]; Matter of Muller v Square Deal Machining, Inc., 183 AD3d at 993—994).
Egan Jr., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The carrier that did file a rebuttal requested that the application be denied because of defective service upon it, but the Board declined to do so because the carrier was effectively served via its counsel and was able to respond.