Matter of Torres v C & S Wholesale (2022 NY Slip Op 00704)





Matter of Torres v C & S Wholesale


2022 NY Slip Op 00704


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

532092
[*1]In the Matter of the Claim of Brandon Torres, Appellant,
v
C & S Wholesale et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 5, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Brandon Torres, Beacon, appellant pro se.
Walsh and Hacker, Albany (Emma Shamo of counsel), for C & S Wholesale and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed August 13, 2020, which denied claimant's application for reconsideration and/or full Board review.
Claimant filed an application for workers' compensation benefits alleging an occupational left hip injury resulting from his employment as a warehouse selector. Following a hearing, a Workers' Compensation Law Judge found, among other things, no medical evidence of a work-related injury or occupational disease, disallowed the claim and closed the case. Claimant did not appeal from that decision. The Workers' Compensation Board denied claimant's subsequent requests for reopening. In August 2020, the Board denied claimant's application for reconsideration and/or full Board review based upon claimant's failure to comply with 12 NYCRR 300.13 (b) (2). Claimant appeals from this decision.
We affirm. An application for administrative review must include proof of service (see 12 NYCRR 300.13 [b] [2] [iv]) and the Board may deny such review if proper proof of service upon a party in interest is not provided (see 12 NYCRR 300.13 [b] [4] [iv]). "[O]ur review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Levine v Health First [HF Mgt. Servs. LLC], 147 AD3d 1193, 1195 [2017] [internal quotation marks and citation omitted]). The affidavit of service reflects that claimant himself effectuated service on the employer's workers' compensation carrier by mail. Claimant was represented by counsel and the affidavit of the proof of service specifically sets forth that service cannot be performed by a party of interest. Under these circumstances, we find no basis upon which to conclude that the Board abused its discretion or acted in an arbitrary and capricious manner in denying claimant's application for reconsideration and/or full Board review given the failure to comply with proof of service requirements (see 12 NYCRR 300.13 [b] [2] [iv]). Claimant's remaining contentions are without merit.
Egan Jr., J.P., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.