Matter of Martinez v Eastchester Fire Dist. (2023 NY Slip Op 06419)

Matter of Martinez v Eastchester Fire Dist.

2023 NY Slip Op 06419

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

535885
[*1]In the Matter of the Claim of Tina Martinez, Claimant,
v
Eastchester Fire District et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:November 15, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed July 19, 2022, which ruled, among other things, that the employer's application for review failed to comply with the service requirements of 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant, a fire department lieutenant, filed a claim for workers' compensation benefits alleging that she experienced long-term health issues after contracting COVID-19 at work, submitting laboratory tests documenting that she contracted COVID-19 in December 2020. The self-insured employer and its claims administrator (hereinafter collectively referred to as the employer) had filed a first report of injury-denial (form FROI-04) on February 10, 2021 controverting the claim. After hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision filed July 7, 2021, which, among other things, established the claim for contraction of COVID-19 at work, set claimant's average weekly wage, authorized medical treatment and continued the case. The Workers' Compensation Board sent a copy of this decision to claimant and her then-current legal representative. That same day, July 7, 2021, the Board received a signed Notice of Substitution and Appearance (form OC-400) indicating that claimant had retained a new legal representative, which form indicated that a copy of the notice was sent to the employer.[FN1] On August 5, 2021, the employer filed an RB-89 form applying for Board review, which reflected that it was served on claimant's prior counsel but not her current counsel. Claimant filed a rebuttal contending, among other points, that the employer's application is defective in that it was not served on her current legal representative. The Board, by decision filed July 19, 2022, found that the employer failed to comply with the requirements of 12 NYCRR 300.13 (b) in that it failed to serve claimant's current counsel, as required, and exercised its discretion to deny the employer's application for review of the WCLJ's decision. The employer appeals.
The employer argues that the Board abused its discretion in denying its application for review. Under the Board's rules, "an application for Board review of a decision by a WCLJ 'shall be filed with the [B]oard within 30 days after notice of filing of the decision of the [WCLJ] together with proof of service upon all other parties in interest' " (Matter of Vukel v New York Water & Sewer Mains, 94 NY2d 494, 497 [2000] [emphasis omitted], quoting 12 NYCRR 300.13 [a]). "Necessary [p]arties of [i]nterest" include "claimants, self-insured employers [and] private insurance carriers" and, although the regulations specify — with one limited exception not relevant here — that "[a]ttorneys and licensed hearing representatives are not necessary parties of interest under this rule," the regulations require that "[a] claimant's attorney or licensed hearing representative, properly designated by the claimant as his or her [*2]representative, shall receive a copy of any applications or rebuttals filed under this section" (12 NYCRR 300.13 [a] [4] [emphases added]). Further, the rules provide that where, as here, "the administrative appeal is filed by the . . . self-insured employer, . . . service shall be upon the claimant, and claimant's attorney or representative, and other necessary parties in interest" (12 NYCRR 300.13 [b] [2] [iv] [d] [emphases added]). The Board is authorized, but not required, to deny an application for review where it does not comply with the foregoing proof of service submission requirements regarding attorneys, who are not necessary parties in interest (see 12 NYCRR 300.13 [a] [4]; [b] [4] [i]; 300.30; see also Matter of Greenough v Niagara Mohawk Power Corp., 45 AD3d 1116, 1117 [3d Dept 2007]; cf. Matter of Vukel v New York Water & Sewer Mains, 94 NY2d at 497) and here, claimant filed a rebuttal raising the issue of defective service and, thus, did not waive that issue (see 12 NYCRR 300.13 [b] [4] [iv] [a]).
Given that claimant properly designated her new attorney as her legal representative on the OC-400 form sent to the employer on July 7, 2021, which substitution of counsel the Board thereafter confirmed in a letter sent to the employer, we find that the Board did not abuse its discretion in denying the employer's application for review filed August 5, 2021 based upon the employer's failure to serve or provide proof of service upon claimant's current counsel (see 12 NYCRR 300.13 [a] [4]; [b] [2] [iv] [d]; [b] [4] [i]). The fact that claimant's counsel served a timely rebuttal does not compel a different result (see Matter of Harrell v Blue Diamond Sheet Metal, 146 AD3d 1189, 1190 [3d Dept 2017], lv denied 29 NY3d 911 [2017]; cf. Matter of Szewczuk v ETS Contr., Inc., 199 AD3d 1209, 1210 n [3d Dept 2021]).
Lynch, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: According to the Board, it sent a letter to claimant on July 13, 2021 confirming the substitution of counsel, a copy of which was sent to claimant's prior representative and the employer.