Matter of Price v Premium Brands Opco, LLC

2026 NY Slip Op 03346

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Jennifer L. Price, Appellant,

v

Premium Brands Opco, LLC, et al., Respondents. Workers' Compensation Board, Respondent.

Decided and Entered:May 28, 2026

CV-25-0913

Calendar Date: April 28, 2026

Before: Garry, P.J., Clark, Fisher, Mackey And Ryba, JJ.

Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for appellant.

Lois Law Firm LLC, New York City (Connor Wetherington of counsel), for Premium Brands OPCO, LLC and another, respondents.

[*1]

Fisher, J.

Appeals (1) from a decision of the Workers' Compensation Board, filed June 5, 2025, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge, and (2) from a decision of said Board, filed July 28, 2025, which denied claimant's application for reconsideration and/or full Board review.

Claimant, an assistant manager at a retail store, applied for workers' compensation benefits after she tripped and fell at work in November 2023. Following further proceedings, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for a work-related injury to her cervical spine but found that she had failed to present prima facie medical evidence for an alleged injury to her left knee. In her application for Board review (form RB-89) of that decision, claimant did not complete the portion affirming that she had filed the application with the Board and omitted the date of service in averring that she had served the application upon other necessary parties by mail. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) argued, among other things, that the application should be denied because of those omissions. Claimant responded by filing a supplemental form RB-89 and arguing that the omissions in the initial form should be overlooked pursuant to Workers' Compensation Law § 23-a (3), providing an affirmation from the paralegal who prepared the application in which she explained that the omissions on the form were inadvertent and that she had filed and served the application in a timely manner. The Board found that claimant's supplemental form RB-89 was untimely and that, because she had failed to specify "the date or method of the application's filing with the Board" in her initial form RB-89, denial of that application was warranted for her "failure to affirm the date and method of service." Claimant appeals from that decision, as well as one denying her later application for reconsideration and/or full Board review.

"Under the Board's rules, an application for Board review of a decision by a WCLJ shall be filed with the Board within 30 days after notice of filing of the decision of the WCLJ together with proof of service upon all other parties in interest" (Matter of Martinez v Eastchester Fire Dist., 222 AD3d 1139, 1140 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Workers' Compensation Law § 23; 12 NYCRR 300.13 [a] [3]; [b] [2] [iv]; [3] [i]). Form RB-89 accordingly includes an affirmation in which the applicant states when and how the application for review was filed with the Board and "specif[ies] the papers served, the person who was served, the date, and method of service including the actual address, email address or fax number where service was transmitted" (12 NYCRR 300.13 [b] [2] [iv] [a]). Although the Board's rules provide for denial of an application for review under certain [*2]circumstances where it "does not comply with prescribed formatting, completion and service submission requirements" (12 NYCRR 300.13 [b] [4] [i]) or where "proper proof of timely service" is not provided and it appears service was defective (12 NYCRR 300.13 [b] [4] [iv]), the Board here concluded that denial was warranted because claimant had "not properly file[d] the application" to begin with given her failure to complete the affirmation of filing and specify the date of service in her initial form RB-89 (12 NYCRR 300.13 [b] [4] [iii]).

With that said, the Legislature has made clear that "[n]otwithstanding anything contained in 12 NYCRR 300.13 (b)[,] . . . a mistake, omission, defect and/or other irregularity in a [form RB-89] accompanying an application for administrative review . . . shall not be grounds for denial of said application" (Workers' Compensation Law § 23-a [1] [emphasis added]). The Board is instead directed to either notify the party seeking review about such a problem in writing and give the party 20 days to correct it, or disregard the problem altogether if the substantial rights of the relevant parties are not impacted by it (see Workers' Compensation Law § 23-a [3]). There is no indication here that the Board notified claimant in writing of the deficiencies in her initial form RB-89 and, after the carrier pointed them out, claimant provided proof that the defects in the form were inadvertent and that the application had been filed and served in a timely manner. The carrier made no effort to challenge that proof, nor did it argue that it had been prejudiced in any way by the flaws in the initial form RB-89 submitted by claimant. To be sure, Workers' Compensation Law § 23-a "addresses technical defects in the contents of applications for Board review rather than the associated service requirements," and nothing prohibits the Board from denying applications where the latter are not satisfied (Matter of Evans v Northeast Logistics, Inc., 227 AD3d 1246, 1248 [3d Dept 2024]). This record shows that claimant did satisfy all filing and service requirements and only failed to note that fact on her initial form RB-89, however, and "the Board's regulations requiring that an application for Board review be filled out completely and/or correctly may not abdicate, contravene or be inconsistent" with the provisions of Workers' Compensation Law § 23-a (Matter of Szymanski v ABA Tech Indus., Inc., 204 AD3d 1281, 1283 [3d Dept 2022]; see Workers' Compensation Law § 117 [1]). Thus, as the Board's denial of claimant's application ran afoul of Workers' Compensation Law § 23-a and its underlying goal of ensuring that "small mistake[s] on a cover sheet should not be cause for a full denial of an appeal," it constituted an abuse of discretion and cannot stand (Assembly Mem in Support, Bill Jacket, L 2021, ch 718, at 6; see Matter of So v Erin's Pharm. Inc., 228 AD3d 1122, 1124 [3d Dept 2024]; Matter of Evans v Northeast Logistics, Inc., 227 AD3d at [*3]1248).

Claimant's appeal from the denial of her application for reconsideration and/or full Board review has been rendered academic by the foregoing (see Matter of Troiano v New York City Hous. Auth., 243 AD3d 1104, 1106 [3d Dept 2025]).

Garry, P.J., Clark, Mackey and Ryba, JJ., concur.

ORDERED that the decision filed June 5, 2025 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

ORDERED that the appeal from the decision filed July 28, 2025 is dismissed, as academic, without costs.