■ In the Matter of the Claim of DENNIS M. DRUZIAK, Respondent, v TOWN OF AMSTERDAM, CRANESVILLE FIRE DEPARTMENT, Respondent, and HARTFORD INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [619 NYS2d 213] —Mercure, J. Appeals (1) from a decision of the Workers' Compensation Board, filed November 6, 1991, which

---

denied Hartford Insurance Company's application for rehearing based on newly discovered evidence, and (2) from a decision of the Workers' Compensation Board, filed April 10, 1992, which denied Hartford Insurance Company's application for reconsideration or full Board review.

The relevant facts, as found by the Workers' Compensation Board and supported by substantial evidence in the record, follow. Claimant, a volunteer fireman, sustained a right-knee injury on September 23, 1990 in connection with his duties on behalf of the Cranesville Fire Department in the Town of Amsterdam, Montgomery County. Forms submitted to the Board by claimant's attending physician and employer identified Hartford Insurance Company (hereinafter Hartford) as the workers' compensation insurance carrier. A notice of indexing sent by the Board to Hartford on November 16, 1990 correctly identified the employer, the subject political subdivision, the date of injury and type of accident, and requested Hartford to send form C-6, C-7 or C-9. Additional requests for form C-6, C-7 or C-9 were directed to Hartford on March 29, 1991, June 6, 1991 and in the notice of a July 11, 1991 hearing to be held for the purpose, among others, of considering imposition of a penalty against Hartford for its failure to comply with the requests. At the July 11, 1991 hearing, Hartford's representative neither offered an excuse for its failure to file the requested form nor any defense to the claim, and by notice of decision filed July 19, 1991 the Workers' Compensation Law Judge (hereinafter WCLJ) established the claim, awarded benefits, closed the case and imposed a $50 penalty against Hartford pursuant to Workers' Compensation Law § 25 (3) (e).

Alleging, based upon purportedly newly discovered evidence, that it was not the proper workers' compensation insurance carrier, on August 16, 1991 Hartford objected to the July 19, 1991 decision, seeking its recision and restoral of the case to the trial calendar for further development of the record. A Board panel denied the request for rehearing and affirmed the WCLJ's decision, finding that "the evidence submitted was lately obtained rather than newly discovered" and that Hartford "offered no reason why the evidence was not obtained prior to the 7/11/91 hearing". Hartford's subsequent application for full Board review was denied and it now appeals to this Court.

We affirm. In view of Hartford's failure to allege or establish that the proffered "newly discovered evidence" could not

have been presented to the WCLJ, the Board acted well within its discretion in refusing to consider the evidence and in denying review *(see,* 12 NYCRR 300.13 [e] [1] [iii]; [g]; 300.14 [a] [1]; [b]; *Matter of Heustis v Teriele,* 193 AD2d 934). Surely, if the proper carrier for the accident is "Montgomery County Self Insured" and not Hartford, as is now contended, that fact could have been established through Hartford's timely investigation of coverage. We agree with the Board that Hartford's default was occasioned solely by its inexplicable failure to check its own files to determine whether it issued the policy referenced in the forms forwarded to it by the Board.

Hartford's remaining contentions have been considered and found to lack merit.

Cardona, P. J., White and Peters, JJ., concur. Ordered that the decisions are affirmed, without costs.