■ In the Matter of the Claim of NORMAN LAN CHEN, Respondent, v FIVE STAR TRAVEL OF NY INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [54 NYS3d 752]—

Devine, J. Appeal from a decision of the Workers' Compensation Board, filed October 8, 2015, which, among other things, denied the employer's request to reopen claimant's workers' compensation claim.

Claimant, a bus driver, was involved in a 2007 bus accident in Pennsylvania. He successfully applied for workers' compensation benefits and asserted that "OK/Five Star Travel" was his employer. Five Star Travel of NY Inc. (hereinafter Five Star) was served with notices at various addresses, including one determined by an investigator dispatched to look into the situation, but the notices contained in the record were returned as undeliverable. Five Star did not appear and, by 2008, the Workers' Compensation Board found that Five Star was claimant's employer. In 2009, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that Five Star was uninsured at the time of claimant's accident and, as such, penalized Five Star and held it liable for all awards and assessments made under the claim (see Workers' Compensation Law §§ 26-a, 50). Claimant and the Uninsured Employers' Fund then negotiated a settlement agreement pursuant to Workers' Compensation Law § 32 which, in October 2011, the Board approved. In May 2015, Five Star sought to reopen the claim and to revisit the Board decision approving the settlement agreement. The Board denied the application and this appeal ensued.

We affirm. Regulatory provisions controlling applications for Board review of WCLJ decisions (see 12 NYCRR 300.13) "do not restrict the Board's power to reopen a case in the interest of justice" (Matter of Naylon v Erie County Highway Dept., 14 AD3d 932, 933 [2005]; see Workers' Compensation Law § 123; 12 NYCRR 300.14 [a] [3]). Nevertheless, the Board found that no material evidence was produced by Five Star that was not previously available. As such, "the Board acted well within its discretion in refusing to consider the evidence and in denying review" (Matter of Druziak v Town of Amsterdam, Cranesville Fire Dept., 209 AD2d 870, 871-872 [1994], lv denied 85 NY2d 809 [1995]; see 12 NYCRR 300.14 [a] [1]; [b]; Matter of Burris v Olcott, 95 AD3d 1522, 1523 [2012]). The Board's determination is reinforced by its finding that Five Star's application to reopen was "untimely" (see 12 NYCRR 300.14 [b]; Matter of

*Barone v Interstate Maintenance Corp.*, 73 AD3d 1302, 1303 [2010]).*

The Board was also right to decline to revisit its prior approval of the Workers' Compensation Law § 32 settlement agreement since, "[a]lthough the Board has continuing jurisdiction over its cases pursuant to Workers' Compensation Law § 123, . . . 'neither the Board nor this Court may review a waiver agreement once it has been approved' " (*Matter of Palmer v Special Metals Corp.*, 42 AD3d 833, 834 [2007], quoting *Matter of Drummond v Desmond*, 295 AD2d 711, 714 [2002], *lv denied* 98 NY2d 615 [2002]).

Peters, P.J., Garry, Mulvey and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.

 ---

* The Board questioned Five Star's assertion that it was unaware of the proceedings in the claim, pointing to a May 2008 WCLJ decision holding that jurisdiction had been obtained over Five Star and determining that Five Star had "no valid reason for failing to appear at the hearings held in this matter." In any event, we note that the president of Five Star acknowledged that he had been aware of the claim for two years by the time the application to reopen was filed.