In the Matter of the Claim of JIE CAO, Respondent, v FIVE STAR TRAVEL OF NY INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [54 NYS3d 753]—

Devine, J. Appeal from a decision of the Workers' Compensation Board, filed October 6, 2015, which, among other things, denied the employer's request to reopen claimant's workers' compensation claim.

Claimant, a bus driver, was involved in a 2007 bus accident in Pennsylvania. He successfully applied for workers' compensation benefits and asserted that "Five Stars Travel Bus Inc." was his employer. Five Star Travel of NY Inc. (hereinafter Five Star) was served at, among other places, the address on file with the Secretary of State for service of process, but the notices contained in the record were returned as undeliverable. Five Star did not appear and, in 2008, a Workers' Compensation Law Judge (hereinafter WCLJ) found Five Star to be claimant's employer. The WCLJ, relying upon the fact that Five Star was uninsured at the time of claimant's accident, also penalized Five Star and held it liable for all awards and assessments made under the claim (*see* Workers' Compensation Law §§ 26-a, 50). A series of WCLJ decisions that made awards

___

and authorized medical treatment followed. Claimant and the Uninsured Employers' Fund then negotiated a settlement agreement pursuant to Workers' Compensation Law § 32 which, in July 2013, the Workers' Compensation Board approved. In May 2015, Five Star sought to reopen the claim to revisit the issues resolved in the prior WCLJ decisions, as well as the Board decision approving the settlement agreement. The Board denied the application and this appeal ensued.

We affirm. Regulatory provisions controlling applications for Board review of WCLJ decisions (see 12 NYCRR 300.13) "do not restrict the Board's power to reopen a case in the interest of justice" (Matter of Naylon v Erie County Highway Dept., 14 AD3d 932, 933 [2005]; see Workers' Compensation Law § 123; 12 NYCRR 300.14 [a] [3]). Nevertheless, the Board found that Five Star had failed to submit material evidence that was not previously available. As such, "the Board acted well within its discretion in refusing to consider the evidence and in denying review" (Matter of Druziak v Town of Amsterdam, Cranesville Fire Dept., 209 AD2d 870, 871-872 [1994], lv denied 85 NY2d 809 [1995]; see 12 NYCRR 300.14 [a] [1]; [b]; Matter of Burris v Olcott, 95 AD3d 1522, 1523 [2012]). The Board's determination is reinforced by its finding that Five Star's application to reopen, which was not made until two years after Five Star's president became aware of the claim, was "untimely" (see 12 NYCRR 300.14 [b]; Matter of Barone v Interstate Maintenance Corp., 73 AD3d 1302, 1303 [2010]).*

The Board was also right to decline to revisit its prior approval of the Workers' Compensation Law § 32 settlement agreement since, "[a]lthough the Board has continuing jurisdiction over its cases pursuant to Workers' Compensation Law § 123, . . . 'neither the Board nor this Court may review a waiver agreement once it has been approved' " (Matter of Palmer v Special Metals Corp., 42 AD3d 833, 834 [2007], quoting Matter of Drummond v Desmond, 295 AD2d 711, 714 [2002], lv denied 98 NY2d 615 [2002]).

Peters, P.J., Garry, Mulvey and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* The Board found that Five Star had "no valid reason for failing to appear at the hearings held in this matter" and apparently questioned the assertion that Five Star was unaware of it, pointing to a June 2008 hearing (the transcript of which is not included in the record on appeal) where it was found that proper service had been made upon Five Star.