Pritzker, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed June 8, 2016, which denied the application of the workers’ compensation carrier to, among other things, reopen the claim.
 

 Claimant, a construction worker for A-Val Architectural Metal Corporation, filed a workers’ compensation claim for a repetitive stress injury to his back and bilateral carpal tunnel syndrome. The case was indexed against A-Val and Chubb Indemnity Company, as the workers’ compensation carrier. Thereafter, in March 2015, Arch Insurance and the State Insurance Fund were put on notice of the claim. Arch failed to appear at the subsequent hearings. By decision filed June 11, 2015, a Workers’ Compensation Law Judge (hereinafter WCLJ) established the claim for repetitive stress injury to claimant’s back, made awards and found Arch to be the proper carrier, resulting in Chubb Indemnity and the State Insurance Fund being discharged.
 

 By application submitted September 25, 2015, Arch sought review of the June 11, 2015 decision and, in the alternative, requested reopening and/or a rehearing in the interest of justice. The Workers’ Compensation Board declined to consider the untimely request for review. With regard to Arch’s request for rehearing and reopening, the Board denied the application, finding that Arch did not set forth an excuse for failing to timely appear and present evidence challenging the claim. Arch appeals.
 

 We affirm. “Workers’ Compensation Law § 23 requires a party seeking review of a WCLJ decision to file a written application for review with the Board within 30 days of the filing of the decision” (Matter of Passero v Uninsured Employers’ Fund, 154 AD3d 1037, 1038 [2017] [citation omitted]; see Matter of Levine v Incorporated Vil. of Freeport, 154 AD3d 1044, 1045 [2017]). Here, Arch’s request for review of the WCLJ’s decision filed June 11, 2015 was clearly made well beyond the 30-day period, and we find no abuse of discretion in the Board refusing to consider it (see Matter of Levine v Incorporated Vil. of Freeport, 154 AD3d at 1045-1046; Matter of You Cai Zhang v Tony’s Marble & Granite Supply Corp., 95 AD3d 1510, 1511 [2012]). Arch’s belated assertion that it did not receive proper notice is raised for the first time on appeal and is not preserved for our review (see Matter of Xie v JP Morgan Chase, 150 AD3d 1360, 1362 [2017]). Furthermore, we find no abuse of discretion in the Board’s refusal to grant Arch’s application for rehearing and/or reopening as Arch proffered no explanation for its failure to appear and present evidence (see Matter of Jie Cao v Five Star Travel of NY Inc., 150 AD3d 1507, 1508 [2017]; Matter of You Cai Zhang v Tony’s Marble & Granite Supply Corp., 95 AD3d at 1511; Matter of Harris v Phoenix Cent. School Dist., 28 AD3d 1051, 1052 [2006]).
 

 Peters, P.J., Garry, Clark and Aarons, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.