Matter of Villagra v Sunrise Senior Living Mgt. (2019 NY Slip Op 00169)





Matter of Villagra v Sunrise Senior Living Mgt.


2019 NY Slip Op 00169


Decided on January 10, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 10, 2019

525960

[*1]In the Matter of the Claim of ROSALIND M. VILLAGRA, Appellant,
v
SUNRISE SENIOR LIVING MANAGEMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Braunfotel & Frendel LLC, New City (Scott D. Frendel of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian M. Anson of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed March 9, 2017, which ruled that claimant's application for rehearing or reopening of an administrative decision was untimely.
On March 23, 2016, claimant, a care manager, filed a claim for workers' compensation benefits alleging that, while she was pushing a resident in a wheelchair at work, she fainted and fell to the ground, injuring both of her shoulders. The employer and its workers' compensation carrier controverted the claim, and a prehearing conference was scheduled for May 2, 2016. Based on claimant's failure to attend that conference, a Workers' Compensation Law Judge (hereinafter WCLJ) marked her file as no further action for failure to prosecute and issued a decision indicating that no further action was planned by the Workers' Compensation Board at that time. Shortly thereafter, claimant submitted a request for further action, and a second prehearing conference was scheduled for June 20, 2016. At that conference, claimant conceded that, although she had proffered a physician's report of her injuries, she did not yet have the requisite prima facie medical evidence addressing the mechanism of her injury. Accordingly, the WCLJ directed claimant to produce clarifying prima facie medical evidence to that end, and, because the matter was marked as expedited, a hearing for claimant's testimony contingent upon receipt of said evidence was scheduled.
At the ensuing initial expedited hearing on July 25, 2016, claimant reported that no [*2]clarifying prima facie medical evidence had been obtained. Upon an oral motion by the employer and its carrier, the WCLJ determined that the case would again be marked as no further action, all C-8.1 disputed medical bills would be resolved in favor of the carrier and the claim would be disallowed. The WCLJ then issued a decision filed July 28, 2016 reiterating that the claim was both disallowed and that no further action was planned by the Board.
Based on her telephonic representation that new medical documentation was available and that she was ready to proceed with her claim, the Board informed claimant, by letter dated October 20, 2016, that a new hearing would be scheduled. However, by letter dated November 1, 2016, claimant was subsequently informed by the Board that no hearing would be scheduled on her claim as it was disallowed at the July 25, 2016 hearing. On December 1, 2016, claimant filed an application for Board review seeking rehearing or reopening of her claim, specifically requesting, among other things, that the WCLJ's July 28, 2016 decision be corrected to reflect the status of her claim as no further action, as opposed to disallowed, and that a hearing be scheduled to determine whether her new medical documentation was sufficient to constitute prima facie medical evidence. The employer and the carrier, acknowledging that the Board's July 28, 2016 disposition was internally inconsistent, took no position on claimant's request. By decision filed March 9, 2017, the Board denied claimant's December 1, 2016 application to reopen her claim, holding that said application was in fact an untimely appeal from the WCLJ's July 28, 2016 decision and that claimant failed to provide a sufficient explanation for her late filing to warrant discretionary review. Claimant appeals.
We agree with claimant that the Board applied the incorrect statutory framework in evaluating her application. Although a party seeking administrative review of a WCLJ decision must file a written application for review with the Board within 30 days of the filing of the decision (see Workers' Compensation Law § 23; 12 NYCRR 300.13 [a] [1]; [b] [3] [i]; Matter of Szokalski v A-Val Architectural Metal Corp., 156 AD3d 1276, 1276 [2017]; Matter of Harrell v Blue Diamond Sheet Metal, 146 AD3d 1189, 1190 [2017], lv denied 29 NY3d 911 [2017]), there is no statutorily-prescribed time period in which a claimant may seek rehearing or reopening of a claim; rather, the Board must determine if such application was made within a reasonable time after the claimant had knowledge of the facts constituting the grounds upon which the application is made (see 12 NYCRR 300.14 [b]; Matter of Chen v Five Star Travel of NY Inc., 150 AD3d 1505, 1506 [2017]; Matter of Gillard v Consolidated Edison of N.Y., Inc., 115 AD3d 1121, 1122 [2014]). Here, the Board did not assess whether claimant's application was made within a reasonable time. Accordingly, the decision is reversed and the matter is remitted to the Board to evaluate claimant's application as one for rehearing or reopening. The balance of claimant's remaining contentions are unnecessary to address in light of our determination.
Garry, P.J., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.