Matter of Carrasquillo v Kiska Constr., Inc. (2020 NY Slip Op 01888)





Matter of Carrasquillo v Kiska Constr., Inc.


2020 NY Slip Op 01888


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529731

[*1]In the Matter of the Claim of Ismael Carrasquillo, Appellant,
v
Kiska Construction, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 10, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


O'Connor & Partners, PLLC, Kingston (Michael Kolb of counsel), for appellant.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed January 14, 2019, which denied claimant's application for a rehearing or reopening.
Claimant has an established claim for, among other things, work-related injuries to his back, shoulders and wrists as a result of a fall sustained while performing work on the Newburgh-Beacon Bridge in May 2013. When claimant initially filed his claim for workers' compensation benefits in June 2013, claimant's employer was identified as Kiska Construction, Inc., and the claim was accepted. In April 2015, however, claimant filed a separate claim for benefits, wherein he asserted that his employer was Lynch Rigging & Consulting. At a subsequent appearance before a Workers' Compensation Law Judge (hereinafter WCLJ), claimant requested development of the record with respect to identifying his proper employer — contending that he actually was employed by Lynch and that such entity, in turn, was a subcontractor of Kiska for purposes of the bridge project. The WCLJ, among other things, declined claimant's request to effectively vacate the prior established claim against Kiska and disallowed what was regarded as the duplicative claim against Lynch. Upon administrative review, the Workers' Compensation Board — by decision filed October 21, 2016 — affirmed the WCLJ's respective decisions, finding, among other things, that Kiska was claimant's employer.
Claimant did not appeal the Board's October 2016 decision. Rather, claimant sought a rehearing or reopening pursuant to 12 NYCRR 300.14 based upon newly discovered evidence — namely, a "Statement of Understanding" that purportedly documented the general contractor/subcontractor relationship between Kiska and Lynch and established that claimant was in fact employed by Lynch at the time of his accident. After reviewing the parties' respective submissions, the Board — by decision filed January 14, 2019 — denied claimant's application, finding that claimant "produced insufficient evidence to support a reopening of the claim, specifically with regard to the issue of proper employer." Claimant appeals from the Board's January 2019 decision.
Insofar as is relevant here, a party may apply for a rehearing or reopening of a workers' compensation claim where "certain material evidence not available for presentation before the [B]oard at the time of [the] hearing is now available (12 NYCRR 300.14 [a] [1]). The Board's decision to grant or deny an application for a reopening or rehearing "is subject to judicial review only for an abuse of discretion" (Matter of Burris v Olcott, 95 AD3d 1522, 1523 [2012] [internal quotation marks and citation omitted]; see e.g. Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1138 [2017]; Matter of Chen v Five Star Travel of NY Inc., 150 AD3d 1505, 1506 [2017]). We discern no abuse of that discretion here.
In its October 2016 decision finding that Kiska was claimant's employer, the Board carefully set forth the evidence upon which it relied, including, among other things, claimant's claim for workers' compensation benefits, the employer's report of injury and the employer's statement of earnings — all of which identified Kiska as claimant's employer. In the context of his application for a rehearing or reopening, claimant principally relied upon the "Statement of Understanding" entered into between Kiska and Lynch relative to Lynch's performance and provision of "certain labor work" in connection with the bridge project.[FN1] Even assuming, without deciding, that this undated agreement/contract was in effect at the time of claimant's accident and, further, covered the actual work performed by claimant on the day in question, the agreement does not — as the Board aptly observed — "specifically connect . . . claimant to Lynch . . . as an employee," nor does it definitively establish that Lynch was a subcontractor for Kiska. Indeed, the documentary evidence annexed to the agreement refers to Lynch as a consultant for the bridge project, and the agreement itself reflects that Kiska was "responsible for the workforce payroll of Lynch" — with said amount to be paid as a deduction from the overall contract amount. Under these circumstances, we cannot say that the Board abused its discretion in concluding that claimant produced insufficient evidence to warrant a rehearing or reopening of his claim. As such, any arguments raised by claimant relative to the merits of his claim are not properly before us.
Lynch, J.P., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: This document apparently was obtained in response to a discovery demand made in the context of the negligence and Labor Law action commenced by claimant against Kiska and Lynch.