Matter of Muller v Square Deal Machining, Inc. (2020 NY Slip Op 02699)





Matter of Muller v Square Deal Machining, Inc.


2020 NY Slip Op 02699


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

529617

[*1]In the Matter of the Claim of Bruce Muller, Claimant,
v
Square Deal Machining, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Gitto & Niefer, LLP, Binghamton (Jason M. Carlton of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed December 24, 2018, which ruled, among other things, that claimant sustained a causally-related occupational disease and set a date of disablement.
Claimant worked as a saw operator for 3½ years for the employer, beginning in March 2014. His work duties included cutting and stacking 30,000 to 50,000 pounds of steel a day — each piece weighing roughly 50 to 60 pounds. In September 2017, claimant filed a claim for workers' compensation benefits, citing injuries to his back, stomach and legs resulting from the repetitive heavy lifting and pulling of the steel. Following an April 2018 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that claimant's back condition was symptomatic prior to commencing work for the employer and that there was no evidence to support that his condition was the result of his work for the employer. Thereafter, claimant filed an application for Workers' Compensation Board review and, in accordance with the notice requirements of 12 NYCRR 300.13, claimant provided notice thereof to the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier), but not to the carrier's attorney (see 12 NYCRR 300.13 [a] [4]; [b] [2] [iv]). The carrier apparently failed to inform its attorney of the WCLJ's decision and of claimant's application and, thus, did not participate in the Board's review of the WCLJ's decision. The Board reversed the WCLJ's decision, established the claim "for an occupational disease involving repetitive trauma . . . resulting from work related aggravation of . . . claimant's pre-existing back condition[,]" set the date of disablement and restored the matter to the calendar to set claimant's average weekly wage, among other things. In its decision, the Board noted that the carrier did not file a rebuttal. The carrier appeals.
The carrier's sole argument on appeal is that the Board's rule permitting claimant to not serve its attorney with notice of his application for Board review — although requiring service upon the carrier — impinges upon its right to counsel and, thus, is unconstitutional, unreasonable, arbitrary, capricious and without a rational basis (see 12 NYCRR 300.13 [a] [4]; [b] [2] [iv]). Significantly, however, the carrier did not raise this issue before the Board, albeit due to the lack of notice of the proceeding to the carrier's attorney. Nevertheless, "as this issue was not put before the Board, it is not properly before us on appeal" (Matter of Murrah v Jain Irrigation, Inc., 157 AD3d 1088, 1089 [2018]; see Matter of Miller v Mo Maier Ltd., 178 AD3d 1250, 1252 n 2 [2019]; Matter of Xie v JP Morgan Chase, 150 AD3d 1360, 1362 [2017]). Although the carrier has informed this Court that it filed an application for reconsideration and/or full Board Review, which the Board denied, it has not appealed from that decision. To the extent that the carrier raised the issue regarding the Board's rule at the time of its application, which is unclear, "a party's arguments addressed to full Board review are not preserved by its appeal from a Board panel decision" (Matter of Bailey v Ben Ciccone, Inc., 120 AD3d 871, 872 [2014]; see Matter of Petrillo v Comp USA, 131 AD3d 1282, 1282 n [2015]).
In any event, were the carrier's contention properly before us, we would find it to be without merit. Pursuant to Workers' Compensation Law § 117 (1), the Board may "adopt reasonable rules consistent with and supplemental to the Workers' Compensation Law. Courts will uphold [rules] that have a rational basis and are not unreasonable, arbitrary, capricious or contrary to the statute under which they were promulgated" (Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d 459, 467 [2014] [internal quotation marks, brackets and citations omitted]).
Here, the carrier is challenging a rule that provides that an application for administrative review "shall include proof of service upon all necessary parties of interest" (12 NYCRR 300.13 [b] [2] [iv]). This rule was amended in 2016 to define "[n]ecessary [p]arties of [i]nterest" as "claimants, self-insured employers, private insurance carriers, the state insurance fund, special funds, no-fault carriers per section 142 of the Workers' Compensation Law, or any surety, including but not limited to the uninsured employer's fund, and the liquidation bureau" (12 NYCRR 300.13 [a] [4]). Although attorneys are generally not considered necessary parties of interest under the rule, it further provides that "[a] claimant's attorney or licensed hearing representative, properly designated by the claimant as his or her representative, shall receive a copy of any applications or rebuttals filed under this section" (12 NYCRR 300.13 [a] [4]). Further, the Chair of the Board issued Subject No. 046-137 in 2005, in recognition of the fact that "relationships between carriers . . . and their legal representatives are very dynamic and undergo frequent changes[,]" so as to notify carriers that they may grant their attorneys access to the Board's electronic case file system and that "notices shall be sent to carrier attorneys as indicated via the carrier's delegation authority," but the carrier did not do so in this case (Workers' Comp Bd Release Subject No. 046-137 [2005]). Accordingly, based on the foregoing, were this issue properly before us, we would not find the Board's rule, which was within its rule-making authority, to be offensive to notions of due process (see Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 226-227 [2017]; Matter of LeadingAge N.Y., Inc. v Shah, 153 AD3d 10, 25-26 [2017]).
Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.