Matter of McKay v Southampton Hosp. (2020 NY Slip Op 03966)





Matter of McKay v Southampton Hosp.


2020 NY Slip Op 03966


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

529565

[*1]In the Matter of the Claim of Jacqueline McKay, Appellant,
v
Southampton Hospital et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Grey & Grey, LLP, Farmingdale (Alissa P. Gardos of counsel), for appellant.
Tanisha Edwards, State Insurance Fund, Melville (Elo Onwujekwe of counsel), for Southampton Hospital and another, respondents.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed February 4, 2019, which ruled, among other things, that it had the authority to promulgate the Non-Acute Medical Treatment Guidelines and its application to prescription medications.
In 1994, claimant filed a claim for workers' compensation benefits that was established for an occupational disease of the back. Subsequent Workers' Compensation Law Judge (hereinafter WCLJ) decisions classified claimant with a permanent partial disability, directed symptomatic treatment and pain management and authorized necessary medical treatment and care. In May 2018, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) requested further action to consider whether claimant should be weaned from opioid medications after an independent medical examiner (hereinafter IME) opined that such was appropriate under the Workers' Compensation Board's Non-Acute Pain Medical Treatment Guidelines (see 12 NYCRR 324.2 [a] [6] [hereinafter NAPMTG]). Following further proceedings, a WCLJ granted the carrier's request. Upon administrative review, the Board affirmed. Claimant appeals, arguing that the Board exceeded its authority in promulgating the regulations incorporating the NAPMTG.
We disagree and affirm. As with any administrative regulations, the Board's regulations will be upheld so long as they "have 'a rational basis and [are] not unreasonable, arbitrary, capricious or contrary to the statute under which [they were] promulgated'" (Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d 459, 467 [2014], quoting Kuppersmith v Dowling, 93 NY2d 90, 96 [1999]; see Matter of Muller v Square Deal Machining, Inc., 183 AD3d 992, 993 [2020]). The process that led to the NAPMTG began with a 2007 legislative directive that the Board "issue and maintain a list of pre-authorized procedures . . . for the purpose of expediting authorization of treatment of injured workers" (Workers' Compensation Law § 13-a [5], as added by L 2007, ch 6, § 28). The Board responded by promulgating medical treatment guidelines that not only set forth those procedures but went further to create a procedure for medical treatment providers to request authorization for treatment at variance from them (see 12 NYCRR 324.2, 324.3; Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d at 463). Notwithstanding the fact that the medical treatment guidelines went beyond the directive of Workers' Compensation Law § 13-a (5), the Court of Appeals determined that the Board properly exercised its broad regulatory power in adopting them, as the aims of the Workers' Compensation Law were furthered by a variance procedure that "avoid[ed] delay and uncertainty [in providing needed medical care to injured workers] . . . result[ing] from disputes over the medical necessity of treatment" (Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d at 468; see Workers' Compensation Law §§ 13, 117 [1]; 141; Matter of Forte v Muccini, 181 AD3d 1135, 1136-1137 [2020]; Matter of Gasparro v Hospice of Dutchess County, 166 AD3d 1271, 1272 [2018]).
The NAPMTG were added to the medical treatment guidelines in 2014 (see 12 NYCRR 324.2 [a]), relying upon the same broad regulatory authority (see Workers' Compensation Law §§ 13, 117 [1]; 141) and not, as claimant contends, Workers' Compensation Law § 13-a (5) (see NY Reg, Nov. 26, 2014 at 12). In particular, the Board cited its chair's authority to "make reasonable regulations consistent with" the Workers' Compensation Law (Workers' Compensation Law § 117 [1]), to make rules "for the receipt, indexing and examining of all notices, claims and reports" (Workers' Compensation Law § 141), and to establish a medical fee schedule (see Workers' Compensation Law § 13) that, by implication, required "standards of appropriate treatment and care for injured or ill employees" to measure whether an employer or workers' compensation carrier would be liable for the treatment (NY Reg, June 4, 2014 at 30). The Board observed that the existing guidelines were intended to ensure that injured workers received "the most effective evidence-based modern diagnostic[s] and treatment techniques" and that the NAPMTG furthered that aim by implementing "a comprehensive approach to the management of patients with non-acute pain" with medication, including by setting forth best practices for the use of narcotics and "address[ing] safety and health issues posed by the misuse and abuse of opioids" that had become a focus of governmental concern (NY Reg, June 4, 2014 at 30; see 12 NYCRR 324.2 [a], [e]; 324.3; Matter of Forte v Muccini, 181 AD3d at 1137). In other words, the NAPMTG only expanded preexisting treatment guidelines that were within the Board's power to issue — regardless of whether the treatment consisted of a medical procedure or medication — and, like the treatment guidelines, reasonably furthered the primary aim of the Workers' Compensation Law of ensuring that injured workers receive prompt and appropriate medical care (see Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d at 467; Matter of Forte v Muccini, 181 AD3d at 1136). The Board was therefore empowered to issue the NAPMTG and, in our view, there was nothing irrational in its decision to do so (see Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d at 467-468; Matter of Forte v Muccini, 181 AD3d at 1136-1137).
Claimant's remaining contentions have been considered and lack merit.
Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.