Matter of Morgan v DR2 & Co. LLC (2020 NY Slip Op 07632)





Matter of Morgan v DR2 & Co. LLC


2020 NY Slip Op 07632


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

527994

[*1]In the Matter of the Claim of Heidi M. Morgan, Appellant,
v
DR2 & Company LLC et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 19, 2020

Before: Garry, P.J., Egan Jr., Aarons and Pritzker, JJ.


Lemire & Higgins, LLC, Malta (Christopher R. Lemire of counsel), for appellant.
Habberfield Kaszycki, LLP, Buffalo (Melissa Habberfield of counsel), for DR2 & Company LLC and another, respondents.



Aarons, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 31, 2018, which ruled, among other things, that claimant's application for review failed to comply with the service requirements of 12 NYCRR 300.13 (b) (3) and denied review of a decision by the Workers' Compensation Law Judge, (2) from a decision of said Board, filed November 14, 2018, which denied claimant's application for reconsideration and/or full Board review of said decision, (3) from a decision of said Board, filed August 20, 2019, which denied claimant's application for a rehearing, and (4) from a decision of said Board, filed November 5, 2019, which denied claimant's application for reconsideration and/or full Board review of said decision.
Following a 2007 work-related accident, claimant filed a claim for workers' compensation benefits. Thereafter, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for injuries to claimant's left shoulder, left arm and left knee, and awarded benefits. The claim was later amended to include consequential injuries to claimant's right shoulder and lower back, a consequential left anterior cruciate ligament tear and consequential left deep vein thrombosis. In April 2010, claimant stopped working due to her injuries.
Thereafter, proceedings were conducted before a WCLJ to consider claimant's entitlement to awards from May 26, 2010 to April 10, 2017. In June 2018, the WCLJ issued a decision finding that claimant had no compensable lost time from May 26, 2010 through June 20, 2016, but was entitled to awards at the partial disability rate from June 20, 2016 through April 10, 2017. Claimant filed an application for review of this decision by the Workers' Compensation Board. A rebuttal was filed on behalf of the employer's workers' compensation carrier asserting that the application was defective because it was not served upon the carrier in accordance with 12 NYCRR 300.13 (b) (4) (iv). In August 2018, a panel of the Board issued a decision finding that the carrier had not been properly served and it denied discretionary review of the WCLJ's decision. Claimant, in turn, filed an application for reconsideration and/or full Board review of this decision. In November 2018, the Board issued a decision denying this application.
Thereafter, claimant's counsel discovered a communication in the Board's file, dated September 6, 2016, which notified the parties that there had been a change in the carrier. The form providing such notice was served only on the third-party administrator and not the carrier. In view of this, claimant filed an application pursuant to 12 NYCRR 300.14 (a) (3) for a rehearing in the interest of justice based upon newly discovered evidence. A panel of the Board found that the subject form was not new evidence as it had been viewable in the Board's file for two years prior to claimant's application seeking review of the WCLJ's decision. Accordingly, in August 2019, a panel of the [*2]Board issued a decision denying the application for a rehearing. Claimant, in turn, filed an application for reconsideration and/or full Board review of the August 2019 decision. In November 2019, the Board issued a decision denying this application as well. Claimant appeals.[FN1]
Initially, claimant challenges the Board's ruling that her application for Board review was not properly served upon the carrier. The Board's regulations provide that an application for administrative review of a WCLJ's decision "shall include proof of service upon all necessary parties of interest, in the format prescribed by the Chair" (12 NYCRR 300.13 [b] [2] [iv]; see Matter of Muller v Square Deal Machining, Inc., 183 AD3d 992, 993 [2020], appeal dismissed 35 NY3d 1100 [2020]). Such regulations define "[n]ecessary [p]arties of [i]nterest" as "claimants, self-insured employers, private insurance carriers, the state insurance fund, special funds, no-fault insurance carriers per [Workers' Compensation Law § 142], or any surety, including but not limited to the uninsured employer's fund, and the liquidation bureau" (12 NYCRR 300.13 [a] [4]; see Matter of Muller v Square Deal Machining, Inc., 183 AD3d at 993-994). The regulations further provide that the "[f]ailure to properly serve a necessary party shall be deemed defective service and the application may be rejected by the Board" (12 NYCRR 300.13 [b] [2] [iv]). The Court of Appeals has acknowledged that an application for review must be served on all necessary parties of interest and that the Board is bound by its own regulations with respect thereto (see Matter of Vukel v New York Water & Sewer Mains, 94 NY2d 494, 497 [2000]).
Here, the application for review indicates that service was made upon claimant, the third-party administrator and counsel for the carrier, but not on the carrier itself. In fact, the application mistakenly lists the third-party administrator as the carrier. Although it appears that the third-party administrator was also listed as the carrier or the entity to whom notices should be sent on a number of forms submitted in the case, this does not obviate the regulatory requirement that the carrier be served with the application for Board review. Inasmuch as the third-party administrator does not stand in the shoes of the carrier or constitute a necessary party of interest, there was a lack of compliance with the regulatory service requirements (see id. at 497). Accordingly, we find that the Board did not abuse its discretion in denying review of the WCLJ's decision (see Matter of Harrell v Blue Diamond Sheet Metal, 146 AD3d 1189, 1190 [2017], lv denied 29 NY3d 911 [2017]; Matter of Bowersox v Prime Time Express, Inc., 62 AD3d 1099, 1100 [2009]). Contrary to claimant's assertion, the Board did not depart from prior precedent in declining to exercise its discretion and review the WCLJ's decision as it has done so in other similar cases where there has been a lack of compliance with 12 NYCRR [*3]300.13 (b) (2) (iv) (see Employer: Manning Squires Hennig Co. Inc., 2019 WL 5858848 [2019], 2019 NY Wrk Comp LEXIS 12300 [WCB No. G130 5938, Nov. 4, 2019]; Employer: Onondaga County, 2019 WL 5487073 [2019] [WCB No. 6071 0959, Oct. 22, 2019]).
In addition, we find no merit to claimant's contention that the Board erroneously declined to exercise its continuing jurisdiction under Workers' Compensation Law § 123 and grant her request for a rehearing in the interest of justice based upon the Board's September 6, 2016 communication notifying the parties of a change in carrier. The Board's regulations provide that an "application for rehearing must indicate that: (1) certain material evidence not available for presentation before the [B]oard at the time of the hearing is now available; or (2) proof of a change in condition material to the issues is involved; or (3) it would be in the interest of justice" (12 NYCRR 300.14 [a]). "The Board's decision to grant or deny an application for a . . . rehearing is subject to judicial review only for an abuse of discretion" (Matter of Carrasquillo v Kiska Constr., Inc., 181 AD3d 1144, 1145 [2020] [internal quotation marks and citations omitted]). As noted by the Board, the communication upon which claimant relies was viewable in the Board file well before claimant submitted her application for review of the WCLJ's decision. As such, it does not constitute new evidence and the Board therefore acted well within its discretion in denying a rehearing on this basis (see Matter of Chen v Five Star Travel of NY Inc., 150 AD3d 1505, 1506 [2017]). Claimant has not otherwise demonstrated that a rehearing should be granted in the interest of justice. Accordingly, we decline to disturb the Board's decision denying a rehearing. We have considered claimant's remaining contentions and find them to be unavailing.
Garry, P.J., Egan Jr. and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: Although claimant filed notices of appeal from each of the Board's four decisions, the substantive arguments in her brief relate only to the Board's August 2018 decision denying discretionary review of the WCLJ's decision and its August 2019 decision denying her request for a rehearing. Consequently, claimant has abandoned any claims with regard to the two Board decisions denying her applications for reconsideration and/or full Board review (see Matter of Zuniga v Aliah Home Care Inc., 183 AD3d 983, 984 n 2 [2020]).