Matter of Barry v Verizon N.Y. Inc. (2021 NY Slip Op 05001)





Matter of Barry v Verizon N.Y. Inc.


2021 NY Slip Op 05001


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

532354
[*1]In the Matter of the Claim of Robert J. Barry, Appellant,
v
Verizon New York Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Dolce Firm, Buffalo (Holly L. Schoenborn of counsel), for appellant.
Hamberger & Weiss LLP, Buffalo (Matthew M. Hoffman of counsel), for Verizon New York Inc. and another, respondents.



Clark, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed June 16, 2020, which ruled, among other things, that claimant's application for review failed to comply with the service requirements of 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge, and (2) from a decision of said Board, filed August 17, 2020, which denied claimant's request for reconsideration and/or full Board review.
Claimant sustained significant injuries while at work in 2018 when he slipped on ice, fell backward and hit his head, rendering him unconscious. The employer submitted a First Report of Injury form identifying New Hampshire Insurance Company as its carrier and Sedgwick Claims Management Services, Inc. as the claim administrator. Claimant's workers' compensation claim was established for injury to his neck, and awards were made at a temporary total disability rate. The claim was subsequently amended to include posttraumatic stress disorder and adjustment disorder with anxiety.
Thereafter, further proceedings were conducted with respect to the permanency of claimant's condition. Claimant submitted an application for review by the Workers' Compensation Board of a decision of a Workers' Compensation Law Judge (hereinafter WCLJ) that directed claimant demonstrate labor market attachment, which claimant served on Sedgwick but not on New Hampshire Insurance Company. No challenge to the service issue was raised in the rebuttal application. The Board held in abeyance the WCLJ's directive that claimant produce evidence of labor market attachment, pending development of the record and resolution of the degree of disability.
Following further proceedings, the WCLJ, by decision filed March 26, 2020, classified claimant with a permanent partial disability and a 90% loss of wage-earning capacity. Claimant filed an application for Board review of that decision, again serving Sedgwick but not New Hampshire Insurance Company. No rebuttal to that application was filed. By decision filed June 16, 2020, the Board found that claimant did not comply with the requirements of 12 NYCRR 300.13 (b) in that he failed to serve New Hampshire Insurance Company, a party in interest, and exercised its discretion to deny review of the WCLJ's decision. The Board, by decision filed August 17, 2020, denied claimant's subsequent application for reconsideration and/or full Board review. Claimant appeals from both Board decisions.
Claimant contends that the Board erred in denying his application for Board review because New Hampshire Insurance Company and its counsel have held Sedgwick out as the proper entity to be served in this matter. An application for Board review of a WCLJ decision "shall be filed with the [B]oard within 30 days after the notice of the filing of the [WCLJ] decision" (12 NYCRR 300.13 [b] [3] [i]) and must "include proof of service upon all necessary parties of interest" (12 NYCRR 300.13 [b] [2] [iv]). Necessary parties [*2]of interest are defined as "claimants, self-insured employers, private insurance carriers, the state insurance fund, special funds, no-fault carriers per [Workers' Compensation Law § 142], or any surety, including but not limited to the uninsured employer's fund, and the liquidation bureau" (12 NYCRR 300.13 [a] [4]). The regulation further provides that the "[f]ailure to properly serve a necessary party shall be deemed defective service and the application may be rejected by the Board" (12 NYCRR 300.13 [b] [2] [iv]).
The application for Board review was served on Sedgwick and counsel for New Hampshire Insurance Company, but not on New Hampshire Insurance Company itself. From the initial stages of this matter, Sedgwick was clearly identified as the administrator handling the claim on behalf of New Hampshire Insurance Company. An administrator, however, "does not stand in the shoes of the carrier or constitute a necessary party of interest" (Matter of Morgan v DR2 & Co. LLC, 189 AD3d 1828, 1830 [2020]). It is the carrier itself that is the real party of interest (see Matter of Wilson v Chicago Bridge & Iron, 2 AD3d 1004, 1005 [2003]). Although the record reflects that forms throughout this matter listed Sedgwick as the carrier or the entity to which notice should be sent, "this does not obviate the regulatory requirement that the carrier be served with the application for Board review" (Matter of Morgan v DR2 & Co. LLC, 189 AD3d at 1830). There is no dispute that the application for Board review was not served on New Hampshire Insurance Company. As claimant did not comply with the regulatory service requirements (see 12 NYCRR 300.13 [a] [4]; [b] [2] [iv]), we find no abuse of discretion in the Board denying review of the WCLJ decision (see Matter of Morgan v DR2 & Co. LLC, at 1830-1831).
Further, we discern no basis upon which to conclude that the Board abused its discretion or acted in an arbitrary and capricious manner in denying claimant's request for reconsideration and/or full Board review (see Matter of You Cai Zhang v Tony's Marble & Granite Supply Corp., 95 AD3d 1510, 1511 [2012]). To the extent that claimant requests that the Board's decisions be reversed and his application for Board review be considered in the interest of justice, we note that it is within the power and jurisdiction of the Board, not this Court, to "make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Workers' Compensation Law § 123; see 12 NYCRR 300.14 [a] [3]).
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.