Matter of Miller v MO Maier Ltd. (2022 NY Slip Op 00096)





Matter of Miller v MO Maier Ltd.


2022 NY Slip Op 00096


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532858
[*1]In the Matter of the Claim of Rosemary L. Miller, Claimant,
v
MO Maier Ltd. et al., Appellants, and State Insurance Fund et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 18, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Law Offices of John Wallace, Buffalo (William L. Sherlock of counsel), for appellants.
Law Offices of Melissa A. Day, PLLC, Amherst (James B. Cousins of counsel), for State Insurance Fund, respondent.
Williams & Williams, Buffalo (Jared L. Garlipp of counsel), for CNA Claims Plus, Inc., respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed June 16, 2020, which, among other things, denied the application of the workers' compensation carrier to reopen the claim.
Claimant's spouse (hereinafter decedent) died in 2012 and claimant applied for workers' compensation death benefits alleging that decedent died from mesothelioma due to asbestos exposure at work. Multiple potentially liable employers and their workers' compensation carriers were put on notice of the claim. One of the potentially liable employers, Mo Maier Ltd., appeared at a hearing held on October 19, 2016, along with its workers' compensation carrier, Travelers Property & Casualty of America. At the conclusion of that hearing, a subsequent hearing was scheduled for December 20, 2016 to address, among other things, Mo Maier's workers' compensation insurance coverage for 1999 and August 2012. During that hearing, at which Mo Maier and Travelers did not appear, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that decedent's death was causally related to his employment and established the claim, finding that the proper employer was Mo Maier and that Travelers was the liable carrier. Travelers filed an application for review by the Workers' Compensation Board, arguing that there was no evidence that decedent was exposed to asbestos during the time that it was providing coverage to Mo Maier. The Board denied review of the application, finding that Travelers failed to use the proper form RB-89, and ruled that the WCLJ's decision remained in effect. On appeal, this Court affirmed the Board's decision (178 AD3d 1250 [2019]).
While the appeal of the Board's decision to this Court was still pending, Travelers continued to raise the issue of lack of coverage at various hearings. The WCLJ declined to address the issue, noting the prior WCLJ decision and the pending appeal, and, in a November 2018 decision, the WCLJ directed that awards be paid to claimant. Travelers sought review of the WCLJ's decision by the Board, seeking, among other things, that the Board exercise its continuing jurisdiction (see Workers' Compensation Law § 123), in the interest of justice, to direct further development of the record on the issue of coverage and on the issue of whether claimant had reached a third-party settlement without Travelers' consent. In a January 2020 decision, the Board denied review of the application, finding that Travelers had provided an incomplete response to question 15 on form RB-89 (see 12 NYCRR 300.13 [b] [2] [ii]). The Board did, however, exercise its continuing jurisdiction pursuant to Workers' Compensation Law § 123, but only regarding Travelers' request for further development of the record as to the third-party settlement. The Board modified the WCLJ's decision by rescinding the awards granted to claimant and remanded the matter for development of the record on that issue. Travelers did not appeal from that Board decision.
At [*2]the subsequent hearing on the third-party settlement claim, Travelers again raised the issue of lack of coverage. In a decision filed February 7, 2020, the WCLJ declined to readdress the coverage issue and Travelers applied for review by the Board, again requesting that the Board direct further development of the record regarding coverage in the interest of justice pursuant to Workers' Compensation Law § 123. Travelers also applied to the Board for a rehearing or reopening of the December 2016 and February 2020 WCLJ decisions to allow further development of the record on the issue of coverage in the interest of justice (see 12 NYCRR 300.14 [a] [3]). The Board denied both applications, and Mo Maier and Travelers appeal, arguing that the Board abused its discretion by not directing further development of the record as to coverage in the interest of justice.
The Board retains jurisdiction to reopen a claim in the interest of justice (see Matter of Chen v Five Star Travel of NY Inc., 150 AD3d 1505, 1506 [2017]; 12 NYCRR 300.14 [a] [3]; see also Workers' Compensation Law § 123) and the Board's decision as to whether to reopen a claim "is subject to judicial review only for an abuse of discretion" (Matter of Morgan v DR2 & Co. LLC, 189 AD3d 1828, 1831 [2020] [internal quotation marks and citation omitted]; see Matter of Carrasquillo v Kiska Constr., Inc., 181 AD3d 1144, 1145 [2020]). As noted by the Board, despite the fact that Travelers and Mo Maier had appeared at the October 2016 hearing, they failed to appear at the December 2016 hearing, at which Mo Maier's insurance coverage in both 1999 and in 2012 was scheduled to be addressed.[FN1] The Board further noted that Travelers failed to properly seek Board review of both the WCLJ's December 2016 decision finding it to be the liable carrier and the WCLJ's November 2018 decision not to readdress the issue of coverage. The Board also acknowledged that it had already considered and declined Travelers' request that the Board exercise its interest of justice discretion to direct further development of the record as to coverage in its January 2020 decision. In light of the foregoing, we cannot conclude that the Board abused its discretion by refusing to direct further development of the record as to coverage in the interest of justice (see Matter of Morgan v DR2 & Co. LLC, 189 AD3d at 1831; see also Matter of Szokalski v A-Val Architectural Metal Corp., 156 AD3d 1276, 1277 [2017]).
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although Travelers and Mo Maier now argue on appeal that they never received notice of the December 2016 hearing, they did not raise this issue in their application for review or their application to reopen.