Matter of Nguyen v CVS RX Servs., Inc. (2023 NY Slip Op 02914)

Matter of Nguyen v CVS RX Servs., Inc.

2023 NY Slip Op 02914

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

534702 
[*1]In the Matter of the Claim of Hung Nguyen, Claimant,
v
CVS RX Services, Inc., Appellant. Workers' Compensation Board, Respondent.

Calendar Date:May 3, 2023

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ.

Morgan Brown & Joy, LLP, Boston, Massachusetts (Michael J. Sciotti of Barclay Damon LLP, Syracuse, of counsel), for appellant.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed December 20, 2021, which denied the employer's application to rehear or reopen claimant's workers' compensation claim.
Claimant, a pharmacy service associate and then a pharmacist with the employer since 2003, was approved for paid family leave (hereinafter PFL) for the period from January 12, 2018 through March 18, 2018. According to claimant, upon his return to work, the employer discriminated and retaliated against him. In January 2019, he filed a request for reinstatement regarding PFL by emailing it to two of his supervisors, in which he requested a return to the 20-hour schedule he held prior to taking PFL asserting, among other things, that his hours had been reduced or changed and he had not received a raise consistent with prior raises as a consequence of taking PFL. The employer did not respond and, in December 2019, claimant filed a PFL discrimination/retaliation complaint alleging that, as a result of taking PFL, he suffered a reduction in work hours, harassment, disciplinary action and a decreased pay raise, which resulted in the loss of benefits (see Workers' Compensation Law §§ 120, 203-a, 203-b). The request for reinstatement and complaint were mailed to the employer's Woonsocket, Rhode Island office and, in January 2020, the Workers' Compensation Board sent notice of the complaint to the employer's Rhode Island address advising that its failure to complete the necessary response forms within 30 days could result in a waiver of defenses. Although the employer was put on notice at its Rhode Island address that a preliminary hearing was scheduled, which was held on March 2, 2020, the employer failed to appear and claimant provided an additional East Northport, New York address for the employer. Notices of a final opportunity to appear at hearings were sent in March, July and September 2020 to the employer's Rhode Island and New York addresses, the employer's counsel acknowledged receipt of the September notice, and a hearing was held on October 15, 2020 at which claimant testified and the employer again failed to appear. Claimant testified that prior to taking PFL, after working for the employer for 13 years, he had reached an agreement whereby he would work 20 hours per week during set hours and days. After he inquired about PFL in December 2017, he was prematurely taken off the schedule and his subsequent request for PFL was later approved. When he returned from PFL in March 2018, he did not receive a performance review or his usual pay increase for 2018 and his work hours were reduced, resulting in the loss of benefits including health, disability and life insurance.
A Workers' Compensation Law Judge (hereinafter WCLJ), noting that the employer had failed to appear at three noticed hearings without explanation, found that the employer had violated the PFL law and discriminated and retaliated against claimant in violation of Workers' Compensation Law § 120. The WCLJ [*2]directed the employer to reinstate claimant to his original position and hours/schedule held prior to PFL and to restore his benefits and pay back wages, and imposed a monetary penalty. The employer did not timely appeal the decision but, in December 2020, filed an application for a rehearing or reopening, contending that it never received the complaint and was unaware of the hearings, requesting another opportunity to present evidence to refute claimant's allegations of discrimination and retaliation, which it denied. The employer also claimed that its counsel never received the complaint or any notices of the hearings, supported by an affidavit of counsel alleging that she had contacted the Board in January 2020 and submitted a notice of appearance over the phone but never received notice, and did so again on October 16, 2020, the day after the final hearing. The Board denied the request to reopen or rehear. The employer appeals.
We affirm. The Board has continuing jurisdiction over its cases and retains jurisdiction to reopen or rehear a claim by any party in interest (see Workers' Compensation Law § 123; 12 NYCRR 300.14 [a]). An application for reopening or a rehearing "must indicate that: (1) certain material evidence not available for presentation before the [B]oard at the time of hearing is now available; or (2) proof of a change in condition material to the issue is involved; or (3) it would be in the interest of justice" (12 NYCRR 300.14 [a]; see e.g. Matter of Mitchell v Wastequip, Inc., 203 AD3d 1288, 1291 [3d Dept 2022], lv dismissed 39 NY3d 971 [2022]). Our limited review of the Board's decision to rehear or reopen a claim is under an abuse of discretion standard (see Matter of Mitchell v Wastequip, Inc., 203 AD3d at 1291; Matter of Miller v Mo Maier Ltd., 201 AD3d 1101, 1103 [3d Dept 2022]; Matter of Mejia v Drake Group, LLC, 123 AD3d 1361, 1362 [3d Dept 2014]; Matter of Burris v Olcott, 95 AD3d 1522, 1523 [3d Dept 2012]; see also Matter of Rusyniak v Syracuse Flying School, 37 NY2d 384, 390-391 [1975]). An application based upon allegations of newly discovered evidence must be "substantiated by supporting affidavits" (12 NYCRR 300.14 [b]), a requirement not applicable to interest of justice applications (see 12 NYCRR 300.14 [a] [3]).
As the Board determined, the record evidence contradicts the employer's claim that it was not on notice of the complaint or any of the three hearing dates. The record reflects that the Board sent notice of the complaint to the employer at its Rhode Island address with a warning regarding the consequences of failing to respond, sent notice of the March 2020 hearing, and thereafter sent four further notices of hearings to the employer at both its New York and Rhode Island addresses. More to the point, the employer did not deny that the addresses were valid or that the notices and decisions were received by it at two addresses, supporting the Board's conclusion that they were received by the employer, [*3]which failed to forward them to its counsel; this "does not absolve [the employer] of [its] obligation to appear and participate in the Board proceedings in this matter." Moreover, as the Board noted, the employer's counsel did not file the required official form providing notice of retainer and appearance until after the WCLJ's November 2020 decision and offered no explanation for failing to comply with the Board rules requiring that form until after the WCLJ rendered a decision on the merits. To the extent that the application was premised upon new evidence, the Board correctly denied it in that the employer's submission did not include any material evidence not available at the time of the hearing and was not "substantiated by supporting affidavits" (12 NYCRR 300.14 [a] [1]; [b]; see Matter of Mitchell v Wastequip, Inc., 203 AD3d at 1291). Given the employer's failure to provide any justification for its failure to appear on three separate occasions, the Board's conclusion that the interest of justice did not warrant granting the application was not improvident (see 12 NYCRR 300.14 [a] [3]; Matter of Miller v Mo Maier Ltd., 201 AD3d at 1103). Accordingly, we discern no reason to disturb the Board's decision denying the employer's request to reopen or rehear the claim.
Egan Jr., J.P., Lynch, Clark and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.